## No. 10,327.

### WEAVER v. THE INDUSTRIAL COMMISSION, ET AL.

Decided July 3, 1922. Rehearing denied October 2, 1922.

Proceeding under the Workmen's compensation act. Claim for compensation denied.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Industrial Commission Findings.* Under the provisions of the workmen's compensation act, reviewing courts are precluded from passing upon the weight or sufficiency of the evidence, or its probative effect, and if the findings of fact made by the commission are upheld by the evidence, they will be affirmed.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. QUAINTANCE, KING & QUAINTANCE, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Mr. WILLIAM E. HUTTON, Mr. BRUCE B. McCAY, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS cause was once before this court and the judgment of the district court, which affirmed the order of the industrial commission denying compensation, was reversed with instructions to remand the cause to the industrial commission with instructions to investigate further as to the direct cause of the death of Weaver, and as to whether or not there was a reasonable, causal connection between the accident and such cause of death, or whether or not such accident hastened death from any cause then existing, and specifically to find its conclusions as to all the facts appearing, and its conclusions of law drawn from such facts.

The case is reported in 69 Colorado at page 507, 194 Pac. 941. The statement of the case there renders unnecessary a repetition here.

In obedience to the command of this court the district court remanded the cause to the industrial commission with the instructions contemplated by the order. Additional testimony was taken by the parties which consisted largely of a repetition of the testimony of the same witnesses who testified at the original hearing.

At the close of the last hearing the industrial commission, after making certain specific findings, as to which there was no controversy, made the following findings as to the direct cause of the death of Weaver and as to whether or not there was a reasonable, causal connection between the accident and such cause of death, or whether the accident hastened death from any cause then existing, as follows:

"The undisputed evidence in this case indicates that Weaver's death was due to acute appendicitis, his operation taking place on the 14th day of March, and his death occurring on the 23rd day of March, 1917. Witnesses produced by the claimant testified that in their opinion there

was a possibility that the acute appendicitis could have been caused by the decedent's accident of November 24, 1915. Witnesses produced by the respondents testified that there was no connection whatever between the burns sustained by the decedent as the result of his accident and the acute appendicitis from which he died in March, 1917.

The Commission finds that the weight of testimony submitted herein is against the contention of the claimants that Weaver's death was caused either directly or indirectly by his accident of November 24, 1915. The Commission further finds that his death was caused by acute appendicitis and was not caused directly or indirectly by any accident arising out of and in the course of his employment. Claim for compensation is therefore denied."

In their petition for a rehearing before the commission the defendants in error, in one assignment state that the award contained no intelligent or sufficient statement of findings of fact as required by law, and by the remanding order of the Supreme Court. The commission denied the petition and when the cause reached the district court, defendants in error renewed this objection, but in their briefs and argument, which have been brought up in the record, no stress was laid nor reliance had upon this assignment. In the assignments of error filed in this court there is none that questions the sufficiency of the findings on this ground. The entire discussion is confined to an attack upon the weight and sufficiency of the evidence and its probative effect to sustain the findings of fact made by the commission and which were affirmed by the district court.

It is a settled rule of this court that the Workmen's Compensation Act precludes the courts from passing upon the weight or sufficiency of the evidence or its probative effect. We are restricted to narrow limits and so far as this case is concerned, if the findings of fact made by the commission are upheld by the evidence, we can not afford relief, even if we differed from the commission in our conclusion. The only questions now before this court are, whether the findings of fact made by the commission are

in compliance with our remanding order, and whether the findings of fact sustain its denial of compensation. The remanding order was complied with. It will be observed that the commission finds specifically that the weight of testimony is against the contention of the claimant that Weaver's death was caused either directly or indirectly by his accident on November 24, 1915, and the commission's further finding that Weaver's death was caused by acute appendicitis and was not caused, either directly or indirectly, by any accident arising out of and in the course of his employment. The findings of fact are upheld by the evidence and we can not set them aside. That being so, the only proper order in the case was a denial of the claim for compensation, which the commission entered. It follows that the judgment of the district court should be affirmed, and it is so ordered.

MR. CHIEF JUSTICE SCOTT not participating.