No. 13,706.

Evanoff v. Industrial Commission et al.

(45 P. [2d] 688)

Decided May 6, 1935.   Rehearing denied May 27, 1935.

Mr. Joseph N. Lilly, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, Mr. Frank C. West, for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

A proceeding under the Workmen's Compensation Act. December 4, 1929, as the result of an accident arising out

of and in the course of his employment, John Evanoff was instantly killed; October 13, 1934, notice of claim of benefits was filed in behalf of his widow, plaintiff in error. Her claim was rejected and she assigns error.

■■ The adverse ruling of which she complains, was based on the bar of the statute of limitations (S. L. 1923, c. 201, §15, amending C. L. 1921, §4458), the applicable part of which reads: "The right to compensation and benefits, as provided by this act, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid."

Clearly, dates alone considered, the claim was filed too late. It is asserted, however, that since a doctor under contract with the employer made an examination of the body of the deceased, and the insuring company paid the expense of the burial, the last sentence of the quoted provision controls. *Royal Indemnity Company v. Industrial Commission*, 88 Colo. 113, 293 Pac. 342, and *Frank v. Industrial Commission*, 96 Colo. 364, 43 P. (2d) 158, are cited. We cannot think the doctrine of those cases is pertinent. In each instance the claimant there made claim in his own behalf, and was absolved from the result of belated filing because of payment, or its equivalent, made to him. This claimant has not been paid anything, nor has there been other recognition of her claim. The exception to the limitation, which is her reliance, applies "to any claimant to whom compensation has been paid." When, in the light of the facts, the commission and trial court, in turn, came to consider the express words of the limitation statute, each found the exception inapplicable to claimant's situation. The point was rightly resolved. Let the judgment be affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.