No. 13,815.

MORROW *v.* INDUSTRIAL COMMISSION ET AL.

(56 P. [2d] 35)

Decided March 2, 1936. Rehearing denied March 30, 1936.

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. HAROLD CLARK THOMPSON, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case involves a claim under the Workmen's Compensation Act. The claim was denied by the Industrial Commission. That denial was affirmed by the district court, and the claimant is here as plaintiff in error, asking a reversal.

■ It is of course our duty to give the act a liberal construction, with a view to promoting the underlying purpose of applying its beneficent provisions whenever legally possible, in the interests of justice. *Central Surety & Ins. Corp. v. Industrial Commission,* 84 Colo. 481, 271 Pac. 617.

The claimant, Miss Pearl Morrow, a public-school teacher, then 23 years of age, sustained a compensable injury October 2, 1925, on the school grounds, while

coaching and supervising the pupils in their basketball play. She has been bedridden ever since. Three times she was in the Colorado General Hospital at Denver for observation or treatment, once for a prolonged period of months. For a while she was similarly in St. Luke's Hospital at Denver. There is no doubt about the hopelessness of her condition. The possibility of malingering or bad faith on her part is not even suggested. Hers is clearly a case of permanent total disability.

J. K. Morrow, father of the claimant, was the principal regularly employed by the school board and as such had full charge of the school where Miss Morrow taught. According to the uncontradicted evidence, she performed her duties under his orders and direction, exactly like any other teacher in the school.

1. If a notice claiming compensation had been filed with the Industrial Commission by or on behalf of the claimant within six months after the injury, in accordance with section 84 of the Workmen's Compensation Act (section 15, chapter 201, S. L. 1923, page 744, amending section 4458, C. L. 1921), it would have been the plain duty of the commission, under the evidence, to find in favor of Miss Morrow and award compensation for permanent total disability. Such a notice was not given.

Until long after the expiration of the six-month period from the date of the injury, the claimant did not know of her right to claim industrial compensation. Neither her father nor any other relative or friend nor any stranger informed her of her right.

In contrast with the claimant's ignorance of the applicability of the act to her own case stand out the following facts: At the time of the injury the school board carried workmen's compensation insurance with the State Compensation Insurance Fund presumably with the very intent and purpose of compensating for injuries such as the one here involved. The man who then was and still is secretary of the school board knew of the injury immediately after it happened. He was aware that a substi-

tute teacher would be required. He and the other two school directors acquiesced in the choice of substitute made by their duly appointed principal, and at least tacitly permitted him to employ the substitute and to arrange for her pay. There is no evidence to indicate that the claimant either directly or indirectly assumed to or did hire the substitute.

Notwithstanding all this, the school board and its secretary failed in the duty of giving the commission the notice required by that part of the aforesaid section 84 which says: "Notice of an injury, for which compensation and benefits are payable, shall be given by the employer to the commission within ten days after the injury."

The result was that no notice of any kind was filed with the commission by employer or employee until the formal claim was filed on September 28, 1933, almost eight years after the injury.

2. No notice having been filed with the Industrial Commission within the six-month period prescribed by said section 84 of the act, the claimant manifestly cannot recover compensation unless she comes within the terms of the last sentence in the section: "This limitation shall not apply to any claimant to whom compensation has been paid." We think she does come within that provision.

██ ██ There is in the record no contention or hint that the contract between Miss Morrow and the school district was other than an ordinary contract for personal services to be rendered by her in consideration of a stipulated salary. While it purported to run for the school year, it was effectively terminated by the immediate and permanent incapacitation resulting from the accident. She could not thereafter render any personal services and the district was no longer bound to pay her anything. The evidence fails to show that the contract required Miss Morrow to provide a substitute in her stead. The record forces the conclusion that the right and duty of

supplying somebody to take her place devolved upon the school district if it desired to have the vacancy filled. The evidence is unequivocal that the substitute was actually appointed by the school principal, that he made the financial arrangement with the substitute, and that the school directors acquiesced in what he did in this regard on behalf of the district. He was the natural and logical representative of it. The district either authorized his acts or ratified them, the school board adopting his arrangement. Under elementary rules of agency, the district was bound by the acts of Mr. Morrow, and his knowledge became the knowledge of the district. Thereby the district was charged with notice that the substitute had been appointed by its agent at a salary of only $100 per month. The secretary's failure to inquire about the specific arrangement does not change the fact that, in the circumstances shown, the arrangement must be deemed made by the board itself. It was the duty of the directors to inquire.

The board paid to the bedridden claimant $125 per month, and must be considered as knowing that $25 was retained each month by Miss Morrow when she, to the knowledge of the district, could not render any services for which the district officers could lawfully pay her. Since the contract for Miss Morrow's personal services was terminated, we must ascertain the legal aspect of the resulting situation. The secretary of the school board and his fellow directors are, of course, entitled to the usual presumption of honesty and regularity in their official conduct. Hence we are not to say that the aforesaid $25 per month was given Miss Morrow as a gift or by way of alms. A payment for such a purpose would have been both irregular and dishonest. It would have been unlawful. One cannot properly indulge in any hypothesis of malfeasance. The only logical escape from such an hypothesis is by viewing the $25 payment as payments of compensation for the injury. It would not have been improper or unlawful for the district to make com-

pensation payments deliberately, and with either an express or an implied understanding by the directors that they should be such; the particular amounts and their number being immaterial. To give the like effect to the payments made in this case, through the arrangement effected by the school principal as heretofore described, is in compliance with the above mentioned presumption of official honesty and regularity. No evidence is before us to overcome that presumption.

This case falls within the principle announced in *Comerford v. Carr,* 86 Colo. 590, 284 Pac. 121.

It would, of course, be a stultification for any court to declare that, because Principal Morrow also happens to be the claimant's father, he should not be considered the representative and agent of the school board in arranging for the division of the salary warrant. The defendants in error advance no such contention, and Mr. Morrow's honesty and good faith are conceded.

The judgment of the lower court, affirming the order of the Industrial Commission which refused to make an award because of claimant's failure to file a notice of claim with the commission within six months after the injury, must be reversed, and the case remanded to the district court with directions to return the record to the commission, ordering that body to proceed with the fixing and award of compensation for the claimant.

The original opinion, which read for affirmance, is withdrawn and the present opinion is substituted therefor.

Judgment reversed with directions.

MR. JUSTICE HOLLAND dissents.