## No. 14,539.

MORENO ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(92 P. [2d] 739)

Decided July 3, 1939.

Mr. ISAAC MELLMAN, Mr. JULIUS I. GINSBERG, for plaintiffs in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, Mr. H. C. THOMPSON, Mr. LOUIS SCHIFF, for defendants in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

Plaintiffs in error, claimants before the Industrial Commission, are the widow and minor children of Rogelio Moreno, who at the time of his death and for many years prior thereto, had been employed by the Fairmount Cemetery Association, one of the defendants in error. During the last week of October, 1936, Mr. Moreno became sick and for a time was unable to attend to his usual duties about the greenhouses of employer. Although he had not fully recovered from his illness, he returned to work on November 2, 1936, and was assigned to the performance of light duties inside the greenhouses. About noon on November 3, 1936, he collapsed and died. June 2, 1938, some nineteen months after the death of the employee, claim for compensation benefits was filed with the Industrial Commission on behalf of the claimants.

■ Heretofore resolved adversely to claimants by both the commission and district court, the sole question for determination is whether or not the claim is barred by the provisions of the applicable limitation statute, '35 C. S. A., c. 97, § 363, which, so far as pertinent, reads as follows: "The right to compensation and benefits, as provided by this article, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. *This limitation shall not apply to any claimant to whom compensation has been paid.*" To avoid the operation of the statute plaintiffs in error invoke the last sentence above quoted and assert that compensation has been paid to the widow claimant.

It is admitted that the employer, which maintains and operates Fairmount Cemetery, provided free a burial space for interment of the remains of deceased. An official of the association testified that this courtesy was extended out of appreciation for the long and conscientious service rendered by Mr. Moreno for the employer. Under the authority of *Evanoff v. Industrial Commission,*

96 Colo. 550, 45 P. (2d) 688, wherein it was held that an examination of the body of a deceased employee by a doctor who was under contract with the employer, and the payment of burial expenses by an insurance carrier, did not constitute a payment of compensation to the widow claiming death benefits so as to remove the bar imposed by the statute; the mere furnishing of the burial site for interment of deceased would not toll the running of the statute.

In argument counsel for claimants call attention to the fact that some fifteen days after the death of decedent the employer billed the widow to the amount of $65.00 for a portion of the burial lot in the cemetery in which the decedent was interred. Later, by reason of circumstances hereinafter mentioned, this bill was considered as paid by the employer and no effort was made to collect it. This, they argue, amounts to the payment of compensation *to the widow claimant,* thereby, it is said, distinguishing the facts in the case at bar from those in the Evanoff case, where the insurance carrier merely paid the burial expenses of the decedent *to a third party, the undertaker.* It appears that when the official of the association advised the daughter of decedent of the donation of the burial space for the interment of Mr. Moreno, he further suggested to the daughter that she select a plot with two available spaces so that the mother later might be buried beside her husband. As a witness before the commission this official stated that it was not then intended that the second burial space should be donated. The daughter testified that from the statement to her by this official, "not to worry about the cost of the plot," she understood that both spaces were to be donated. Later a bill for the *unoccupied* space only was sent to the mother. The daughter testified that shortly thereafter she talked to the representative of the association who had made the arrangement and "told him I guessed it must have been some misunderstanding on his part or my part and wanted to know which. I understood we

would forget all about the money for the plot as a donation, and he told me not to worry about it." As a result of this conversation the charge for the prospective burial place of the mother appears to have been waived by the association. The daughter further testified on cross examination: "Q. You understood this lot business to be a donation from the Fairmount Cemetery Association? A. Yes."

██ Apparently believing, as the evidence sufficiently discloses, that the waiver of the charge for the burial plot for the widow was an act of pure gratuity, wholly inconsistent with an intention to pay compensation, the commission found in fact that neither the employer nor insurance carrier had "made any payment of compensation or payment of medical benefits or any other payment of compensation within the meaning of the statute." Informative on this point are *Morrow v. Industrial Commission*, 98 Colo. 348, 56 P. (2d) 35, and *Industrial Commission v. Carpenter*, 102 Colo. 22, 76 P. (2d) 418. Findings of fact of the commission so supported by competent evidence are conclusive on review. *Weaver v. Industrial Commission*, 72 Colo. 79, 209 Pac. 642; *Passini v. Industrial Commission*, 64 Colo. 349, 171 Pac. 369.

The record in this case clearly brings it within the purview of *Evanoff v. Industrial Commission, supra,* wherein it was said: "This claimant has not been paid anything, nor has there been other recognition of her claim. The exception to the limitation, which is her reliance, applies 'to any claimant to whom compensation has been paid.' When, in the light of the facts, the commission and trial court, in turn, came to consider the express words of the limitation statute, each found the exception inapplicable to claimant's situation. The point was rightly resolved."

The judgment is affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Young concur.