No. 14,778.

MILLER ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(105 P. [2d] 404)

Decided September 3, 1940.

Mr. William O. Perry, Mr. Lennart Erickson, for plaintiffs in error.

Mr. Byron G. Rogers, Attorney General, Mr. Frank A. Bruno, Assistant, Mr. Harold Clark Thompson, Mr. Louis Schiff, for defendants in error.

*En Banc.*

Mr. Justice Otto Bock delivered the opinion of the court.

This is a proceeding under the Workmen's Compensation Act, in which two minors, through their mother, seek an award as dependents of their deceased father, Francis Miller, an employee of defendant in error The New England Cafeteria. The Industrial Commission denied benefits, holding that the claim was barred by section 363, chapter 97, '35 C.S.A., the pertinent part of which is as follows: "The right to compensation and benefits, as provided in this article, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid."

In an action instituted in the district court, judgment affirming the findings of the commission was duly entered, to reverse which claimants bring the case here by writ of error.

The facts are stipulated, those pertinent to the issues being briefly as follows: The father sustained an accidental injury arising out of and in the course of his employment on May 2, 1937, and died two days later as a result thereof; that for medical and hospital services rendered deceased during the two-day interval between his injury and death, the insurer paid the respective sums of $5.50 and $9; that the body was held in the mortuary for one month for the purpose of identification, and then was buried at the expense of the insurer upon payment of the statutory funeral benefit of $125; that minor claimants, at the time of the death of deceased, were of the respective ages of twelve and sixteen years. The marriage of which they were the issue was terminated by divorce obtained by deceased's wife April 9, 1934. Neither the minors nor their mother had any knowledge of Miller's death until April, 1939, and as soon thereafter as possible—May 4, 1939—this claim was filed with the commission.

Counsel for the minors, in conformity with their assignment of errors, make the following contentions: (1) That the payment of deceased employee's medical and hospital expenses by insurer is compensation, the effect of which payment was to waive the statutory limitation; (2) that by reason of the minority of claimants at the time of the death of their father, the statute of limitations was tolled, and is not a bar to the claim; (3) that ignorance of their father's death until just prior to the filing of the claim in question excused the delay.

Relative to the first contention, we have heretofore held, in cases presenting facts similar to those here recorded, adversely thereto. *Evanoff v. Industrial Commission,* 96 Colo. 550, 45 P. (2d) 688; *Moreno v. Industrial Commission,* 104 Colo. 610, 92 P. (2d) 739. Payment of the medical and hospital bills under the conditions here present did not constitute payment of compensation to the claimants.

■ Was the statute tolled during the minority of claimants? No such exception is found in section 363, supra. Unless specific exception is made in the statute of limitations in favor of those under disability, courts are without power to add such exception. 37 C.J., pp. 985, 1018, 1021; 71 C.J., 1025. General limitation statutes do not govern such a proceeding as we have in the instant case.

The resulting harshness in depriving the minors of these benefits is apparent. The question, however, is controlled by legislative will and not by judicial power. It perhaps would be wise, as has been done in some states, in order to prevent such a result, for the legislature to grant discretionary authority to the commission to determine whether a reasonable excuse exists for the failure to give notice, and, if so, to permit the claim to be filed after the statutory time. Under the statutory limitations applicable to the claim here the commission correctly held that it was barred under section 363, supra.

■ Referring to the third contention, that ignorance of the father's death excused the delay in filing the claim, we are cited to no authority so holding. In some states such excuse is given statutory recognition; not so in Colorado, however. It is the general rule that ignorance of the facts giving rise to a cause of action does not delay or suspend the operation of a statute of limitations. 37 C.J., p. 969; *State ex rel. v. Industrial Commission,* 130 O. St. 77, 196 N.E. 780, 781. There is no merit to this contention.

The judgment is affirmed.