## No. 15,373.

### Sommers, doing business as T-Bar-S Guest Ranch et al. *v.* Borgmann et al.

(144 P. [2d] 554)

Decided December 13, 1943.   Rehearing denied January 10, 1944.

Messrs. Wood, Shuteran, Robinson & Harrington, for plaintiffs in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. St. George Gordon, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

A proceeding under the Workmen's Compensation Act. Plaintiff in error Sommers was the employer, and plaintiff in error Ocean Accident and Guarantee Corporation was the insurer. Defendant in error Borgmann, the claimant, whose formal notice and claim was filed with defendant in error Industrial Commission July 14, 1942, alleged that December 23, 1941, in the course of his employment with Sommers, a horse belonging to her and whose care was entrusted to claimant, stepped on the large toe of his right foot, which culminated in infection of the entire foot. July 16, 1942, the Industrial Commission notified all parties concerned that a hearing before a referee would be held July 29, 1942. July 25, 1942, the employer and the insurer filed notice of contest, alleging that "claimant did not file his claim for compensation within six months after the date of his accident; and therefore his claim is barred by the statute of limitations." July 29, 1942, the hearing was continued to August 17, 1942, "on account of claimant being confined in the hospital."

August 17, 1942, hearing was conducted before a referee. Preliminary to taking testimony, plaintiffs in error moved that in consonance with their "denial of liability" because claimant did not file his claim "within six months after the date of the accident," there should be an order of dismissal. Ruling on the motion to dismiss was withheld pending the taking of testimony and final orders. The claimant, a physician, and claimant's son, were examined through questions propounded by the referee, and cross-examination by counsel for plaintiffs in error, in whose behalf at that time no evidence was offered. September 10, 1942, the referee found and ordered as follows:

"Claimant was employed by the above named respondent employer at an average weekly wage of $19.55

and was injured in an accident arising out of and in the course of his employment on December 23, 1941, sustaining an injury to his right foot. Claimant left work on account of his injury on June 19, 1942, and is still temporarily and totally disabled. Respondents have moved that this claim be dismissed since it was not filed within six months.

"The Referee finds from the evidence that claimant was paid wages until July 1, 1942, and therefore, compensation was paid to claimant within the meaning of Section 84 of the Compensation Act and the running of the Statute of Limitations was tolled. The Referee, therefore, finds that respondent's motion to dismiss should be denied.

"It is, therefore, ordered: That respondents pay compensation to the claimant at the rate of $9.78 per week, beginning June 30, 1942 and continuing during disability.

"It is further ordered: That the respondents pay for the necessary medical, surgical and hospital expense incurred within four months and not to exceed $500.00."

September 15, 1942, plaintiffs in error filed a petition for review of the foregoing order, reading:

"Come now the Respondents, Adele M. Sommers and the Ocean Accident and Guarantee Corporation, Limited, and respectfully petition the Referee who entered the Order in this cause on September 10, 1942, to review such order, and to vacate and reverse it, and in support of this, their petition for review, and as grounds therefor, these respondents respectfully state:

I.

"The finding of the Referee was without or in excess of his powers in holding that the payment of wages by the employer for eleven days after the employee left work, tolled the six months statute of limitations within the meaning of C 97, Article 7, Workmen's Compensation, Section 363 of the 1935 C.S.A. for the reason that there is no evidence whatsoever in the record to support or even indicate that the employer's payment of wages

was to compensate the employee for his injuries of December 23, 1941.

## II.

"The claimant has failed by a preponderance of the evidence to establish facts necessary to a legal award under the Workmen's Compensation Act of Colorado. The order of the Referee awarding that compensation has been paid in this cause is based upon mere speculation and conjecture.

## III.

"The findings of fact by the Referee do not support the Referee's Order or Award.

## IV.

"The claimant having been injured on September 23, 1941 and the claimant not having filed with the Commission until July 16, 1942, his Notice Claiming Compensation, the claimant has failed to establish that he filed such notice within six months after the alleged injury, and/or that compensation has been paid to him, and his claim is barred by the provisions of Section 363, Chapter 97, 1935 C.S.A.

## V.

"It appearing from the undisputed evidence that the Employer was not notified of the alleged injury by the claimant or by anyone in his behalf until February 1, 1942, the claimant should lose 39 days' compensation under the provisions of Section 310, Chapter 97, 1935 C.S.A., and the Referee erred in awarding him compensation commencing June 30, 1942.

"The Respondents further petition that since the Employer, Adele M. Sommers, was not at and could not attend the Hearing held in this case on August 17, 1942 for the reason that the operation of her Guest Ranch above Evergreen, Colorado, and transportation problems prevented her from so doing, and since the Employer, Adele M. Sommers, has been required to return to her home in Philadelphia, Pennsylvania, it is hereby requested that this case be reopened to take the testimony

of Marion Snow, Bookkeeper for Mrs. Sommers, in order to show the details and purpose of paying wages to the employee up to July 1, 1942, and by so showing, have all the facts before the Commission before they decide whether compensation has actually been paid in this case."

September 18, 1942, the referee, proceeding on the above petition, found that the matter should be set for hearing for the purpose of taking the testimony of the employer, and ordered:

"That this matter be set for hearing before a Referee of this Commission at the Hearing Room, Room 704, State Capitol Annex, Denver, Colorado, on September 28, 1942 at the hour of Ten A.M. for the purpose of receiving the testimony of the respondent employer and such other testimony as may be offered by the parties hereto.

"Further ordered: That upon conclusion of said hearing, the Referee enter his findings and award in the premises."

Subsequently, by stipulation, the depositions of a second physician mentioned in the testimony of claimant, and of plaintiff in error Sommers, going to the merits of the matter as well as to the statute of limitations, were taken. Also, a Mrs. Snow, employed by Mrs. Sommers, as an assistant manager, gave oral testimony in the matter.

December 1, 1942, the referee made the following supplemental order:

"The Referee having examined the entire file and in particular the testimony taken herein on September 28, 1942, and the depositions filed herein on November 12, 1942, and November 23, 1942, and now being sufficiently advised in the premises, finds:

"That the Referee's Order, dated September 10, 1942, should remain in full force and effect and be the final Order of the Referee herein.

"It is, therefore, ordered: That the Referee's Order,

dated September 10, 1942 be, and the same shall remain in full force and effect and be the final Order of the Referee herein."

December 4, 1942, plaintiffs in error filed a petition for review, which the Industrial Commission, by an order of December 19, 1942, denied, and ordered: "That the order of the Referee dated December 1, 1942, be and the same is hereby affirmed, approved and adopted as the order of the Commission herein." January 4, 1943, plaintiffs in error filed a petition for review of the order of December 19, 1942, which the Commission, proceeding January 8, 1943, denied, saying: "That the award of * * * December 19, 1942 be and the same is hereby affirmed and approved as the final award of this Commission."

January 28, 1943, plaintiffs in error, making claimant and the Industrial Commission parties defendant therein, and pleading the orders of the commission of January 8, 1943, and of December 19, 1942; the orders of the referee of December 1, 1942 and of September 10, 1942, and their several petitions for review while the matter was pending before the Industrial Commission, filed their complaint in the district court, praying in usual form, and alleging that:

"In making its said Supplemental Award dated January 8, 1943, the said defendant, the Industrial Commission of Colorado, acted without or in excess of its powers in the following respects, to wit: (a) In denying the Motion to Dismiss filed in said proceedings by these plaintiffs. (b) The finding of the Commission that 'compensation was paid to claimant within the meaning of Section 84 of the Compensation Act and the running of the Statute of Limitations was tolled' is without support in the evidence and is contrary to law. (c) The claim of the defendant, H. H. Borgmann, was and is barred by the provisions of Section 363 of Chapter 238, of the Session Laws of Colorado of 1941, and the said award of the Commission is illegal and void because in contra-

vention of the provisions of said statute. (d) The findings of the Commission that claimant 'was injured in an accident arising out of and in the course of his employment on December 23, 1941, sustaining an injury to his right foot', and that he 'left work on account of his injury on June 19, 1942, and is still temporarily and totally disabled' are without support in the evidence. (e) It appearing from the undisputed evidence that the Employer was not notified of the alleged injury by the claimant or by anyone in his behalf within the time provided by Section 310, Chapter 97, 1935 Colorado Statutes Annotated, the Commission erred in failing to apply the penalty provisions prescribed in said statute as to all claimants not reporting an injury as therein required.

"The findings of fact by the Commission do not support the Supplemental Award of the Commission entered on January 8, 1943."

May 4, 1943, the district court resolved the issues in favor of defendants in error, and affirmed the award of the Industrial Commission.

In their specifications plaintiffs in error urge three points for reversal: (1) That the evidence was not sufficient to support the award; (2) that the claim was barred because not filed within six months; (3) that the claim was belatedly made, hence subject to diminution.

█ 1. Claimant, admittedly in the employ of plaintiff in error Sommers at the time, testified that December 23, 1941, and while engaged in his regular duty of feeding and otherwise caring for horses belonging to her, one of the horses stepped on his foot, causing the injury for which the award was made; and there was medical testimony to the effect that the condition obtaining resulted from the injury suffered as stated. We have noted some inconsistencies emphasized by plaintiffs in error, and which tend to discredit claimant's testimony, but the commission discerningly holding the

balance, found it preponderated in claimant's favor. Our decisions in like situations respected, the finding of the commission concludes us. See, *Rogers v. Solem,* 103 Colo. 52, 83 P. (2d) 154; *American Mining Co. v. Zupet,* 101 Colo. 238, 72 P. (2d) 281; *Industrial Commission v. Valdez,* 101 Colo. 482, 74 P. (2d) 1247.

2. Plaintiffs in error, invoking '35 C.S.A. chapter 97, section 363, as amended in 1941 (S.L. '41, p. 928, §1, 1942 Supp., c. 97, §363, '35 C.S.A.), urge that since more than six months intervened between the time of the alleged injury and filing of the claim, it is barred. The portion of the section which plaintiffs in error say is applicable, reads as follows: "The Commission shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or benefits are provided by this Act. The right to compensation and benefits * * *, shall be barred unless within six months after the injury * * *, a notice claiming compensation shall be filed with the commission. *This limitation shall not apply to any claimant to whom compensation has been paid,* * * *." Defendants in error contend that the employer paid wages to claimant through various periods when by reason of claimant's indisposition due to the alleged injury he did not work, and particularly from June 19, when he became wholly incapacitated, to July 1, 1942, and that the statute was tolled. If the record justifies the claim that wages were paid claimant, the last sentence of the quoted statute on which plaintiffs in error rely, and which we have emphasized, the case is controlled by *Comerford v. Carr,* 86 Colo. 590, 284 Pac. 121, and the claim "is not barred." See, also, *Ontario Mining Co. v. Industrial Com.,* 86 Colo. 206, 280 Pac. 483; *Morrow v. Industrial Com.,* 98 Colo. 348, 56 P. (2d) 35.

That claimant was absent from work at short intervals, due to his injury, and was paid notwithstanding, is not in doubt; and that while he became so incapacitated that he discontinued work June 20, 1942, nevertheless,

his full wage to July 1, was paid. The employer testi-fied, "It was not my intention to compensate Mr. Borg-mann for his injury. I was not paying it as a gift. He gave me notice in advance by letter, early in June he was leaving because of his illness, July 1st. I would not permit him to remain until July 1st, after I saw his foot June 20, and I insisted he go at once to a hospital.. I felt obligated to pay him as of July 1st, according to his resignation." Claimant testified that July 20, when, as the employer testified, she would not permit him to work until July 1, and "insisted he go at once to a hos-pital," she also told him "to file the claim." He further testified that the employer was under no obligation or "contract" to pay him until the end of the month. The commission concluded that what was done constituted payment of compensation. The learned district judge was not persuaded to the contrary, nor are we. It fol-lows that the statute was tolled.

3. On their theory that claimant did not report the injury to his employer until one hundred seventy-nine days after the time contemplated by '35 C.S.A., chapter 97, section 310, plaintiffs in error urge that any award made should not be effective as of date earlier than that to be determined by computation consistent therewith. It is noted that only in their brief do plain-tiffs in error make reference to "one hundred seventy-nine days." In all their petitions for review before the commission, the number is fixed at thirty-nine days, or as the time elapsing between December 23, 1941, and February 1, 1942, and in their complaint in the district court no figures are alleged. Defendants in error con-tend that plaintiffs in error's petition for review of the commission's final award does not present the question of postponement of the date when payment should be-gin, and hence, as they say, it may not be presented on review to the court. They cite *London Guarantee and Accident Co. v. Sauer*, 92 Colo. 565, 22 P. (2d) 624. We think the question generally was presented in the peti-

tion for review filed with the commission, and to the extent of the claim made there—thirty-nine days—the petition for review should have been granted. On the whole case, subject only to the postponement of the date when payment of compensation shall commence from June 30, 1942, as fixed by the commission, to August 8, 1942, which comprehends the time between December 23, 1941, and February 1, 1942, we conclude the judgment of the district court should be affirmed.

Let appropriate orders be entered.

MR. JUSTICE GOUDY not participating.