HIRSCHKORN *v.* FIEGE DESK CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION — PARTIAL LOSS OF EYE.

On certiorari to an award of the Industrial Accident Board allowing thirty-five weeks' compensation for the partial loss of claimant's eye, the award could not be sustained under section 9, Act No. 10, Extra Session 1912; 2 How. Stat. (2d Ed.) § 3956, relating to total incapacity, nor under section 10 of the statute, unless its provisions for partial incapacity cover such injury, said section providing that the employer shall pay weekly compensation for partial incapacity to work.

2. SAME—PARTIAL INCAPACITY.

No support for an award for the partial loss of an eye can be found in the schedule of injuries found in said section 10; the provisions of the statute relate only to the loss of an eye and an award on the theory of future incapacity must be restricted to claimant's earning capac-

ity in the employment in which he was injured at the time of the accident. Accordingly, a claimant who concedes that he could do his work as well after his injury as before and is receiving equal wages, could not obtain compensation under the workman's compensation law although it was found by the accident board that the usefulness of the injured eye was impaired to an extent of one-third of its vision.

Certiorari to the Industrial Accident Board. Submitted November 24, 1914. (Docket No. 37.) Decided January 29, 1915.

George Hirschkorn presented his claim to the Industrial Accident Board against the Fiege Desk Company for injuries sustained in its employ. From an order awarding compensation contestants, Fiege Desk Company and Michigan Workmen's Compensation Mutual Insurance Company, bring certiorari. Reversed and award vacated.

*Person, Shields & Silsbee,* for claimant.

*Beaumont, Smith & Harris,* for contestants.

BIRD, J. While the claimant was employed by the Fiege Desk Company at Saginaw, operating a certain machine, a piece of emery flew into his left eye and injured it. The emery was removed, but the eye became inflamed and iritis set in. He was totally incapacitated for work for nine weeks, and full compensation therefor was paid to him by respondents. When claimant returned to work, the inflammation and iritis had subsided, and his recovery was complete, save for the fact that the injury left a scar in the center of the cornea, covering the pupil, which causes a blur and prevents him from seeing an object clearly. This condition reduced the vision of his eye nearly one-half, and is permanent, but it is not thought the vision will be further reduced as a result

of the injury.   Since claimant returned to his work, he has been doing the same work as before the injury, and is receiving the same wages.   On this state of facts, the board made a further allowance, and in so doing, said in part:

"That, the usefulness of the left eye of applicant having been destroyed by said injury to the extent of more than one-third, and somewhat less than one-half, the applicant was entitled to an award of 35 weeks' compensation in addition to the amount theretofore paid, that being the fair and reasonable percentage of the 100 weeks compensation, which the law provides for the full loss of the eye."

This award is questioned by respondents, and it is argued that there is no authority in the law by which such an award can be justified.   If the award is to stand, some authority in the law must be found to support it.   It is obvious that it cannot be sustained under Act No. 10, part II, § 9, Pub. Acts 1912 (Extra Session), because claimant is not wholly incapacitated. It must then be sustained, if at all, under section 10, providing for partial incapacity.   Section 10 provides that:

"While the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter," etc.

There is then added to the section a schedule of specific injuries fixing the number of weeks for which compensation shall be paid.   The partial loss of an eye does not appear in the schedule.   It deals with nothing less than the loss of one eye.   It is therefore clear that no support can be found for the award in the schedule.   Under the general power conferred by section 10 upon the board, an award might be made for

184 Mich.—16.

such an injury on the theory of a future incapacity in other employment, were they not restricted in determining the loss "to his earning capacity in the employment in which he was working at the time of the accident." Section 11.

Inasmuch as claimant concedes that he can now do his work as well as before the injury, and that he is receiving the same wages therefor, we are unable to see that the board had any authority under the general power granted by section 10 to award claimant any relief. The award made by the board was a very equitable one, and is one which we would prefer to sustain, if we could do so without attempting to amend the law by judicial construction. It appears to be, however, an exigency which the law has not provided for. We think the relief in such cases lies with the legislature, rather than with the courts.

The award must be reversed and set aside.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.