RUDSKI *v.* DETROIT WIRE SPRING CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CERTIO-RARI—ANSWER—INCONSISTENT WITH ORDER.

Where the return of the industrial accident board in certiorari proceedings to review an order of said board denying the petition of the employer to be relieved from further payments under the workmen's compensation law, was inconsistent with the order entered, the return showing that the board simply meant to keep the case open for future developments and not to require the payment of any compensation, whereas the order entered provided for further payments in accordance with an agreement entered into previously by the employee and employer, the case will be remanded to the board with instructions to enter an order in compliance with its answer in the return.

Certiorari to Industrial Accident Board. Submitted April 22, 1919. (Docket No. 81.) Decided July 17, 1919.

Wasye Rudski presented his claim for compensation against the Detroit Wire Spring Company for injuries received in defendant's employ. From an order denying a petition to discontinue payments for partial disability, defendant and the General Accident, Fire & Life Assurance Corporation, Limited, insurer, bring certiorari. Reversed, and remanded.

*Kerr & Lacey,* for appellants.

*Solomon G. Paperno,* for appellee.

STONE, J. The applicant entered the employment of the appellant, the Detroit Wire Spring Company, as a knotting machine operator about two years prior to August 15, 1917. On that date, while performing his duties as such operator, he received an accidental injury, to wit:

"Left eye cut by wire to left of center injuring iris, and penetrating lens enough to cause exudate of the lens fluid."

Necessary medical aid was provided by appellants, and inasmuch as claimant was disabled for a period in excess of 15 days, an agreement in regard to the payment of compensation was duly executed whereby appellants were to pay to said employee compensation at the rate of $10 per week during period of total disability and at the proper rate per week during partial disability, if he became legally entitled to compensation for partial disability; all in accordance with the provisions of the Michigan workmen's compensation law. This agreement was duly filed with the industrial accident board, and approved by the latter on October 10, 1917. There is no claim that applicant received any other injury as a result of accident than that above described.

Compensation was paid in accordance with the agreement from August 15, 1917, to December 19,

1917,—a period of 18 weeks. During this interval appellants provided claimant with medical aid, and had him attended by several disinterested eye specialists who recommended that an operation should be performed to remove cataract from the injured eye. Appellants acted in accordance with the recommendation of said doctors, and an operation to remove cataract was performed by Dr. Grant. Within due course thereafter appellants were advised by Dr. Grant that the cataract operation was successful, and that vision in the injured eye was substantially normal. Also that claimant's condition was such that he was able to return to work for the Detroit Wire Spring Company, and perform the same duties as before said accidental injury. Appellants after being thus advised had a conference with claimant, and in order to determine the true situation had Dr. Campbell make a careful and complete examination of the injured eye. He, after giving the case necessary attention, confirmed Dr. Grant's report, by advising that the cataract operation had been entirely successful and that vision in the injured eye, with an adjusted lens was almost normal, being between 80% and 90% of normal, and was a very good result under the conditions.

Claimant returned to his work with the Detroit Wire Spring Company on December 10, 1917, and it is claimed by appellants that since his return he has been doing the same work as before the injury, and is receiving the same wages. He, however, refused to sign a settlement receipt, and appellants filed a petition with the industrial accident board on May 1, 1918, to be relieved from further payments of compensation, and for such other and further relief as was just and proper.

On May 29, 1918, claimant filed a petition asking for compensation for the loss of the eye involved. Testimony in support of, and in opposition to, both peti-

tions was submitted to the board in the form of depositions. In accordance with an agreement between counsel for both parties, Dr. Campbell made a further examination of claimant under date of July 27, 1918, and forwarded his report with reference thereto direct to the board under date of August 9, 1918.

Hearings on both petitions were held before the board, and on August 30, 1918, the board entered the orders complained of, as follows:

"Order denying appellee's petition. A petition having been duly filed by the applicant in the above entitled cause, praying that he be awarded compensation as for the loss of an eye instead of for disability, and the same having come on for hearing before the board on July 9, 1918, and proof having been filed, and due consideration being had thereon, the board finds the applicant has not lost an eye; and it is ordered that said petition be, and the same is hereby denied, and that applicant is entitled to receive compensation in accordance with the terms of the agreement approved by the board October 10, 1917."

"Order denying appellants' petition. A petition having been filed by respondents in the above entitled cause, praying for reasons therein set forth that they be relieved from making further payments of compensation in the case, and the same having come on for hearing before the board on July 9, 1918, and proof having been filed, and due consideration being had thereon; it is ordered that said petition be, and same is hereby denied, and applicant is entitled to receive compensation in accordance with the terms of the agreement in regard to compensation, approved by the board on October 10, 1917."

On September 28, 1918, appellants filed a petition in this court for the writ of certiorari, and assigned error as follows:

(1) Industrial accident board did not have the jurisdiction, power or authority, to order appellants to pay compensation in accordance with the terms of the disability agreement approved by the board, inasmuch

as appellee had returned to his employment, was doing the same work and receiving the same wage as at the time of the accidental injury, and that he was not either totally or partially disabled.

(2) The action of the industrial accident board in entering the order complained of is contrary to the terms and conditions of the Michigan workmen's compensation act, so-called.

After the petition for the writ was filed in this court, and before action thereon had been taken, it seems to be conceded that the applicant obtained from the board a certified copy of the orders above set forth, upon which he obtained a judgment in the circuit court for the county of Wayne for $430 against the appellants covering 43 weeks, from the 17th day of December, 1917, to the 17th day of October, 1918. Subsequently, by stipulation of counsel, this judgment was vacated. We refer to this subject as indicating the understanding which both the board and the applicant must have had, as to the force and effect of the orders of the board of August 30, 1918.

In its return to the writ of certiorari the industrial accident board, among other things, answered as follows:

"And said board further returns in this connection that said order did not mean that said respondents were required to pay any compensation whatever to applicant during any time during which he was not disabled as a result of the accidental personal injury he received from earning full wages in the occupation in which he was injured, but that upon the testimony submitted, the board did not feel justified in concluding that the injurious effects of the injury were over. The testimony was in such condition that the board could not tell whether the injured employee might not in the future, and within the limitations of time provided for in the workmen's compensation law, lose his eye entirely as a result of the accident, and the board could not tell whether during the limitation of time fixed in the workmen's compensation law, the injured

employee might not be partially or totally disabled from earning and thus entitled to compensation. In other words, the order entered by the board merely meant that the case should not be finally closed by order of the board, but that it should remain open pending developments. While it so remains open, the respondents are not required to pay compensation to the injured employee to cover any time during which he is not prevented by the accidental personal injury from earning full wages in the occupation in which he was injured. The agreement referred to in the said order was to the effect that respondents should pay applicant ten ($10.00) dollars per week during total disability, and at the proper rate per week during partial disability if he became legally entitled to compensation for partial disability, or in accordance with the provisions of the workmen's compensation law. That agreement did not mean, in the judgment of the board, that applicant should be paid any compensation whatever (unless for the total loss of the eye) during any time during which his earning capacity was not diminished as a result of the accidental personal injury he received. The testimony convinced the board that the injured employee still suffered a disability caused by the accidental personal injury he received, but that at the time the testimony was taken he was earning as much wages as when he was injured and, therefore, not at that time entitled to be receiving compensation. The board entered the order it did enter because it believed that the testimony taken as a whole would not warrant the board in finding that the disability of the injured employee on account of the accident was at an end, but the order does not require the respondents to pay the injured employee while he is able to earn as much wages as he was earning when he was injured."

In our opinion the return of the industrial accident board is inconsistent with its orders awarding compensation in accordance with the agreement, above set forth. Conceding that there was testimony which justified the board in holding the case open for further developments, its orders were not warranted; and

its return that it did not mean that appellants should pay compensation to the injured employee to cover any period of time during which he was not prevented by the accidental, personal injury from earning full wages in the occupation in which he was injured, is inconsistent with its order. It is apparent that the said orders of the board, as acted upon by the claimant, are inconsistent with this return and should not stand. *Hirschkorn* v. *Fiege Desk Co.*, 184 Mich. 239.

So much of the orders of the board above set forth as direct payment in accordance with the agreement are vacated and set aside, and the case will be remanded to the industrial accident board with instructions to enter an order in compliance with its answer in the return to the writ of certiorari.

Reversed, and remanded.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.