No. 12,769.

Colorado Fuel and Iron Company *v.* Industrial
Commission et al.

(298 Pac. 955)

Decided April 20, 1931.

Messrs. Farrar & Martin, Mr. Wendell Stephens, for
plaintiff in error.

Mr. Clarence L. Ireland, Attorney General; Mr. Arthur L. Olson, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

This writ is prosecuted to review a judgment of the
Denver district court affirming an award of the Indus-

trial Commission ordering the payment to William E. Crawford, claimant, of compensation for an injury to his right eye which arose out of and during the course of his employment by the Colorado Fuel and Iron Company, self-insurer and plaintiff in error.

The Industrial Commission affirmed the award of its referee, which in part is as follows: "The claimant was injured March 9, 1930. Quit work March 12, 1930. The injury was to left eye. Temporary disability ended March 15, 1930. The permanent disability consists of 40 per cent loss of vision in left eye; had previously lost all of his vision in right eye. Average weekly wages were $25.08. Ordered, That the respondent employer, a self-insurance carrier, pay compensation to the claimant at $12.54 per week, as compensation for temporary disability, plus 124.8 weeks thereafter as compensation for permanent disability, plus payment of medical expenses as required by the employers' medical plan heretofore approved by this Commission."

This award undoubtedly was made pursuant to section 4450, C. L. 1921, and not in accordance with section 4447, C. L. 1921, as amended by Session Laws of 1929, chapter 186, page 655, subdivision (f).

Does the law authorize such award?

Sections 4447, 4450 and 4451 were sections 73, 76 and 77 of the Workmen's Compensation Act, chapter 210, Session Laws of 1919.

Section 4447, C. L. of 1921, as amended by Session Laws, 1929, section 10, page 655:

"In case an injury results in a loss set forth in the following schedule, the injured employe shall, in addition to compensation to be paid for temporary disability, receive compensation for the period as specified, * * *

"Total blindness of one eye . . . . 104 weeks.
* * *

"(f) Where an injury causes the loss of use or partial loss of use of any member or members specified in the foregoing schedule, the Commission may determine

the disability suffered and the amount of compensation to be awarded, by awarding compensation which shall bear such relation to the amount stated in the above schedule for the loss of a member or members as the disabilities bear to the loss produced by the injuries named in the schedule and such amount shall be in addition to compensation for temporary disability, or the Commission may award compensation under the permanent partial disability section of this statute as the Commission in its discretion may determine from the particular facts in each case.''

Section 4450, C. L. of 1921, (never amended):

''Where an employe has previously suffered the loss of one hand or one arm or one foot or one leg or the vision of one eye and as a result of an accident arising out of and in the course of his employment, he suffers the loss of another hand, arm, foot, leg, or the vision of an eye, he shall be compensated as follows:

''If the employe has previously lost vision of one eye and loses *the vision* of the remaining eye, he shall receive compensation for 312 weeks.''

Section 4451, C. L. of 1921, as amended by section 13, chapter 201, Session Laws of 1923, page 743:

''In cases of permanent total disability, the award shall be fifty per cent of the average weekly wages of the injured employe and shall continue until death of such person so totally disabled but not in excess of the weekly maximum and not less than the weekly minimum benefits specified herein for injuries causing temporary total disability.

''The loss of both hands or both arms or both feet or both legs or both eyes or of any two thereof, by injury in or resulting from the same accident, shall prima facie constitute total and permanent disability to be compensated according to the provisions of this section; * * *.''

Under the law, an employe losing the sight of both eyes in the same accident is considered to be permanently and totally disabled and accordingly entitled to compen-

sation for life. If he loses the sight of one eye only, he is entitled to compensation for 104 weeks but if, being blind in one eye, he loses the sight of the other, he is entitled to compensation for 312 weeks.

Subdivision (f) of the 1929 amendment specifically authorizes an award for partial permanent disability caused by permanent impairment of vision and provides an identical method of computing the amount thereof irrespective of whether the employe before the accident had the sight of one or both eyes. For example, if an employe with perfect vision in both eyes loses 50 per cent of the sight of one and suffers 50 per cent disability as a result thereof, he is entitled to compensation for 50 per cent of 104 or 52 weeks. If he becomes blind in one eye and later suffers 50 per cent partial permanent impairment of vision of the remaining one, he is entitled to the same amount of compensation as in the first instance, namely, 50 per cent of 104 or 52 weeks.

██ ██ Section 4450, which the legislature has not seen fit to amend, is applicable only where the entire vision of the remaining eye has been lost and no provision is made authorizing an award thereunder for partial permanent disability. If the legislature had intended to provide specifically for compensation for partial permanent impairment of vision, where the sight of one eye had previously been lost, based upon section 4450, such intention easily could have been manifested either in the original act or by an appropriate amendment. While the award in this case might be considered fair and just by the employe and insurer, to uphold it would require judicial legislation. The provision that the Workmen's Compensation Act shall be liberally construed cannot be extended to clothe the court with power to read into it a provision which does not exist.

In *Hirschkorn v. Fiege Desk Co.,* 184 Mich. 239, 150 N. W. 851, an injured employe having sustained an impairment of 50 per cent vision of one eye was awarded 50 per cent total loss of vision. The Michigan statute

provided for compensation for total loss of vision, but contained no provision authorizing compensation for partial loss thereof. The court there stated at page 241:

"There is then added to the section a schedule of specific injuries fixing the number of weeks for which compensation shall be paid. The partial loss of an eye does not appear in the schedule. It deals with nothing less than the loss of one eye. It is therefore clear that no support can be found for the award in the schedule * * *.

"* * * The award made by the board was a very equitable one, and is one which we would prefer to sustain, if we could do so without attempting to amend the law by judicial construction. It appears to be however, an exigency which the law has not provided for. We think the relief in such cases lies with the legislature, rather than with the courts."

The legislature having provided for compensation for disability arising from partial permanent impairment of vision based upon section 4447, as amended, and not having authorized an award in such case to be based upon section 4450, the Industrial Commission had no power to make the award here involved and the district court erred in affirming the same.

The judgment is reversed and the cause remanded to the district court with directions that the award of the Industrial Commission be set aside and that said commission be ordered to award compensation to claimant at $12.54 per week for 40 per cent of 104 weeks, being 41.60, in the sum of $521.66 as provided by section 4447, C. L. 1921, subdivision (g) thereof, as amended, Session Laws of 1929, chapter 186, page 655, subdivision .(f) thereof.