No. 12,969.

CRESSON CONSOLIDATED GOLD MINING AND MILLING
COMPANY ET AL. *v.* INDUSTRIAL COMMISSION ET AL.
(9 P. [2d] 295)

Decided March 7, 1932.

Mr. EDGAR McCOMB, Mr. MILTON D. GREEN, for plaintiffs in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. ARTHUR L. OLSON, Assistant, Mr. F. J. KNAUSS, for defendants in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

COLIN Preston was injured in an accident arising out of and in the course of his employment by the Cresson

Consolidated Gold Mining and Milling Company. His permanent disability consisted of the amputation of the little finger of the left hand at the proximal joint, the amputation of the index finger of the right hand at the distal joint, amputation of the middle and ring fingers of the right hand at the second joint. The Industrial Commission awarded him compensation under section 4452, C. L. of 1921, as amended by Session Laws of 1929, c. 186, page 659, and based upon a finding of 25 per cent disability as a working unit. The district court entered judgment affirming the award, to review which this writ is prosecuted.

Plaintiff in error contends that section 4447, C. L. of 1921, as amended by Session Laws of 1929, c. 186, page 655, is controlling.

Section 4447 as amended provides:

"In case an injury results in a loss set forth in the following schedule, the injured employe shall, in addition to compensation to be paid for temporary disability, receive compensation for the period as specified, to-wit:
* * *

"Loss of an index finger at the distal joint, 9 weeks.
* * *

"Loss of a middle finger at the second joint, 9 weeks.
* * *

"Loss of a ring finger at the second joint, 7 weeks.
* * *

"Loss of a little finger at the proximal joint, 9 weeks.
* * *

"(e) When an injured employe sustains two or more injuries coming under this schedule, the disabilities specified herein shall be added and the injured employe shall receive the sum total thereof; provided, that where the injury results in the loss or partial loss of use of the index finger and thumb of the same hand or of more than two digits of any one hand or foot, the disability may, in the discretion of the Commission, be compen-

sated on the basis of the partial loss of use of said hand or foot measured respectively from the wrist or ankle.''

Section 4452, as amended provides:

''Where an accident causes injury resulting in permanent partial disability (except the sustaining of any one of the injuries specifically covered by Sections 73, 74, 75 and 76 herein), the injured employe shall be deemed to be permanently disabled from the time he is so declared by the Commission and from said time shall be entitled to compensation for permanent partial disability in addition to any compensation theretofore allowed. In determining permanent partial disability, the Commission shall ascertain in terms of percentage the extent of general permanent disability which the accident has caused, taking into consideration not only the manifest weight of evidence, but the general physical condition and mental training, ability, former employment and education of the injured employe. The Commission shall then determine the injured employe's expectancy of life from recognized expectancy tables and such other evidence relating to his expectancy as may be presented; it shall then ascertain the total amount which said employe would receive during the balance of his expectancy if permanently totally disabled at not more than the maximum, nor less than the minimum, weekly indemnity specified in this act for temporary total disability and shall then take that percentage of the total sum so arrived at as is indicated by the percentage of general permanent disability found to exist in the manner as hereinabove set forth, not to exceed in any event, however, the aggregate sum of Thirty-six Hundred and Forty Dollars ($3640.00). Said sum to be paid at a weekly rate not more than the maximum nor less than the minimum herein specified for injuries causing total disability.''

The method of determining disability provided by section 4452 cannot be used when the injury is one

appearing in the section 4447 schedule, because by its specific terms such injuries are excluded.

Section 4447 is clear, definite and mandatory. Each of claimant's four injuries is covered by the schedule. Compensation for each should have been added together and the total constituted the award.

A liberal construction does not clothe the Industrial Commission or a court with power to ignore the mandatory provisions of section 4447. *Colorado Co. v. Industrial Com.*, 88 Colo. 573, 298 Pac. 955; *John Thompson Co. v. Industrial Com.*, 85 Colo. 576, 277 Pac. 789.

The judgment is reversed and the cause remanded with directions that the district court vacate its judgment and the findings and award of the Industrial Commission and remand the case to the commission for further proceedings in harmony herewith.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.