## No. 14,258.

INDUSTRIAL COMMISSION ET AL. *v.* CARPENTER.
(76 P. [2d] 418)

Decided February 7, 1938.   Rehearing denied February 21, 1938.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. HAROLD CLARK THOMPSON, for plaintiffs in error.

Mr. LEO J. CROWLEY, Mr. DARWIN D. COIT, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case arises under the Workmen's Compensation Act. The Industrial Commission dismissed the defendant in error Carpenter's claim for compensation on the ground that he was guilty of laches in instituting proceedings before the commission. Claimant duly carried the matter to the district court, which entered judgment remanding the case to the commission with instructions to enter an award of compensation. We are asked to reverse this judgment.

The claimant, employed as a patrolman by the police department of the City and County of Denver, was injured while attempting to make an arrest on April 25, 1927. He suffered total disability during the ensuing eighteen days, for which time his full salary was paid him as usual. Thereupon he resumed and continued his work as a member of the police force, being retired on March 16, 1937. The police department did not report the injury to the insurance carrier or to the commission; neither did the claimant. No claim for compensation or medical benefits was filed by the claimant until after his retirement from the service. The assertion of the claim was thus delayed for nearly ten years, though the Workmen's Compensation Act declares that a notice claiming compensation must be filed within a period of six months after an injury. '35 C. S. A., vol. 3, c. 97, §363.

Among the defenses, the employer and the insurance carrier set up that of laches. It is on this ground that the commission dismissed the claim, saying:

"The Commission further finds that in delaying the filing of his claim for a period of approximately ten years, claimant is guilty of extreme laches and that to

permit him or any other claimant to delay the pursuance of his rights for such a long period of time opens the door wide to fraud. Such delay renders the insurance company absolutely helpless in employing such measures as might mitigate the disability or effect a cure. If such claims are allowed to stand, carriers have no basis upon which to fix compensation insurance dividends, they being based on loss experience for the preceding five year period. Nor can they intelligently set up loss reserves.

''The Commission is, therefore, of the opinion and so finds that claimant's claim for compensation for a permanent partial disability should be denied and dismissed because of laches.''

██ ██ Undoubtedly this reasoning, on its face, is exceedingly cogent. It is our opinion, however, that under the state of facts here appearing the defense of laches, as such, is not available in the light of the act itself. The proceedings thereunder are purely statutory and not equivalent to a suit in equity. Whether a state of facts may sometime hereafter exist justifying the interposition of this or an analogous defense, we need not now decide. The question of permitting the defense of laches or something analogous thereto in a purely statutory proceeding is one of legislative policy which probably can be answered only by express act of the General Assembly. The courts are not allowed to indulge in judicial legislation.

██ With the issue of laches eliminated, we nevertheless cannot definitely dispose of the case at its present stage. The commission, for instance, has not determined by its findings whether or not the alleged injury was due to an accident which arose out of and in the course of claimant's employment. These are essential facts. Nor has the commission determined by its findings whether or not the regular monthly salary paid claimant for his eighteen days' absence from his duties was by way of compensation for the injury. The rules, regulations,

and general practice of the police department may conceivably have required or permitted the payment of salaries to its members during such absences, regardless of the question whether there was an injury compensable under the Workmen's Compensation Act. If so, then in the present case it could not be said that the salary thus paid was compensation for the injury itself. In that event the delay, in filing with the commission the notice claiming compensation, for longer than the prescribed limitation period of six months would be fatal.

For failure to make the necessary findings on the points mentioned, the judgment of the district court, which, as already stated, instructed the commission to proceed with an award of compensation, must be reversed. In the interests of a full and fair trial, the case will be remanded to the district court with directions to instruct the Industrial Commission to vacate its order, to proceed to consider the evidence—with the right on the part of the commission, if it sees fit, first to order an additional hearing for the taking of further evidence on the matters indicated or any others germane to the issues—and to make proper findings upon all the evidence in the present record and all such additional evidence, if any.

Should the commission, after a hearing, find that the injury was due to an accident which arose out of and in the course of claimant's employment, and that the salary was paid as compensation for the injury and not otherwise, then the commission will award proper compensation; but, if the evidence should not be sufficient to enable the commission to make any one or more of such findings, then the claim will be denied.

Judgment reversed with directions.

MR. JUSTICE HOLLAND not participating.