No. 15,309.

WARNER *v*. MULLENS ET AL.

(137 P. [2d] 420)

Decided April 19, 1943. Rehearing denied May 10, 1943.

Mr. ALBERT T. FRANTZ, for plaintiff in error.

Mr. JOHN W. STEPHENSON, Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workmen's compensation case in which

plaintiff in error, a carpenter, to whom we hereinafter refer as claimant, was awarded compensation by a referee of the Industrial Commission. Upon petition of employer to review the award of the referee, the commission "reviewed the entire file" and denied the claim, which order in due course was affirmed by the trial court. Claimant seeks reversal and urges as his principal point that the Industrial Commission acted without its authority under the circumstances in this case.

Mullens, one of the defendants in error, was the employer. He was a glazier by trade, and at the time of claimant's injury was regularly employed as such, but not on full time. In May of 1940, he purchased an unimproved acre of land in the town of Aurora and during that summer began the construction of a house thereon in his spare time and on week ends. He testified definitely that he never had more than two employees at a given time, but that his son assisted voluntarily once in awhile. The son fully corroborated this statement.

In explanation of the cause of the injury, the employer stated it resulted from claimant's trying to start his car, which, he testified, had to be pushed nearly every day to start the engine. Claimant testified that he was injured August 4th while working on the premises alone; that he stepped through a window onto a small scaffold, fell from it and sprained his wrist; that several days prior thereto there had been five or six men on the job doing cement work.

This is but a sketch of the evidence, admittedly conflicting. The referee awarded compensation to claimant, but the commission, without taking additional testimony, found that Mullens "was not the employer of four or more employees and that, therefore, he is not subject to the Workmen's Compensation Act or the claimant entitled to its benefits."

As indicated, the principal point urged for reversal

is that the commission was without authority to change the referee's award on the record alone, although counsel for claimant contends that the evidence of the employer was so meager as not to constitute any evidence. Counsel for claimant cites no case in point on his main proposition and we think the provisions of our statute are directly contrary to his contention.

Section 319, chapter 97, '35 C.S.A. provides:

"For the purpose of making any investigation or conducting any hearing with regard to any matter or matters contemplated by the provisions of this article, the commission shall have power to appoint, by an order in writing, any competent person as an agent or referee whose duties shall be prescribed in such order.

"(a) In the discharge of his duties such agent or referee shall have every power whatsoever for obtaining information granted in this article to the commission and all powers granted by law to officers authorized to take depositions are hereby granted to such agent.

"(b) The commission may conduct any number of such investigations contemporaneously·through different agents or referees and may delegate to such agents the subpoenaing and swearing of witnesses, and the taking of all testimony bearing upon any investigation or hearing. The decision of the commission shall be based upon its examination of all testimony and records. The recommendations made by such agents or referees shall not preclude any further investigation, or the taking of further testimony, if the commission so order."

There is nothing in this section which would even tend to indicate that the commission is bound by the findings of the referee grounded upon conflicting evidence. "The decision of the commission shall be based upon its examination of all testimony and records." Section 319, supra. The commission, on reviewing an order or award of its referee, is not required to take further testimony, if it does not deem such a course necessary.

■ "From the statutory limitations as to the grounds on which the courts may review the commission's award, it is apparent that even in a case where the commission has never seen the witnesses, it was the legislative intent that the commission's findings of fact nevertheless should be binding on the district court." *United States Fidelity and Guaranty Co. v. Industrial Commission,* 96 Colo. 571, 575, 45 P. (2d) 895.

As to the alleged insufficiency of employer's evidence, we think the attendant circumstances, together with his direct statement that he never employed more than two men at any one time, corroborated by the testimony of his son, were sufficient to support the order of the commission.

Judgment affirmed.

Mr. Chief Justice Young, Mr. Justice Burke and Mr. Justice Jackson concur.