## No. 15,784.

MARYLAND CASUALTY COMPANY ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(178 P. [2d] 426)

Decided March 3, 1947.

Messrs. JANUARY & YEGGE, for plaintiffs in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, for defendant in error Industrial Commission.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS is a workmen's compensation case in which the Maryland Casualty Company, hereinafter referred to as the insurer, and the Hamilton & Gleason Company, hereinafter referred to as employer, are plaintiffs in error, and the Industrial Commission, hereinafter referred to as the commission, and Earl Anderson, hereinafter referred to as the claimant, are defendants in error.

The facts giving rise to this litigation are substantially as follows: In 1932 claimant was injured in an accident arising out of and in the course of his employment, as a result of which the commission found that he was "industrially blind," permanently and totally disabled, and it awarded compensation accordingly. In 1944 claimant obtained temporary employment at Springfield, Missouri, and upon learning of this employment the insurance carrier, at the suggestion of the commission, filed a petition requesting the commission on its own motion to reopen the claim. This petition was granted on October 2, 1944, and all parties were notified that a hearing would be held in Denver, Colorado, on October 13, 1944. October 5, 1944, claimant telegraphed the commission asking if it would be possible for him to submit his evidence by affidavit, stating that he was unable to travel alone. The insurer had no notice of this telegram, and, consequently, had no opportunity to consent to claimant's request. The commission neglected to reply to the telegram, and October 13, 1944, claimant, together with his wife, were in Denver where they employed counsel to represent him in the hearing before the commission.

At the hearing claimant was the only witness, and at the conclusion of his testimony, and after considering briefs presented by the parties, the commission found that, "There has been no change in the condition of the claimant; that he is now permanently and totally blind and, therefore, permanently totally disabled." No action was taken to review said award.

December 20, 1944, claimant wrote to the commission, asking if it would be possible to allow him eighty-four dollars for expenses incurred in connection with his trip to Denver and attendance at the hearing concerning which he testified on October 13, 1944. December 27, 1944, the claim for eighty-four dollars was allowed by a referee of the commission without any additional evidence other than the letter; without other itemization of the expenses; without notice to the insurer or employer; and without any hearing thereon. The insurer and employer objected to this award, but the commission affirmed and approved the action of its referee. In an appropriate action in the district court, the award of the commission was affirmed, and to review that judgment the unsuccessful parties have brought the case here by writ of error.

██ ██ The commission is an administrative agency of the state, created by statute, and its jurisdiction, powers, duties and authority are fixed and limited by the creative statute and amendments thereto. It cannot exercise any jurisdiction, exert any powers, perform any duties, or assume any authority unless the right so to do is given it by statute. While it often has been held that the commission has a wide latitude in its procedure and determinations, nevertheless it remains a creature of the statute. While the provisions of the Workmen's Compensation Act are to be liberally construed, nevertheless any liberal construction cannot be extended so as to clothe either the commission or reviewing courts with power to read into the statute any provisions which are not contained therein. *John Thompson Grocery*

*Stores Co. v. Industrial Commission,* 85 Colo. 576, 277 Pac. 789; *Tyler v. Hagerman,* 88 Colo. 60, 291 Pac. 1033; *Colorado Fuel & Iron Co. v. Industrial Commission,* 88 Colo. 573, 298 Pac. 955; *Cresson Consolidated Gold Mining & Milling Co. v. Industrial Commission,* 90 Colo. 353, 9 P. (2d) 295.

The insurer and employer contend that the commission had no authority to allow claimant's expenses in attending the hearing because no such power was expressly conferred upon it by the legislature. The only provision of the Workmen's Compensation Act concerning costs at any hearing before the referee or commission is contained in section 390, chapter 97, '35 C.S.A., the pertinent part of which reads as follows: "The commission * * * shall have power and authority to issue subpoenas * * * . Each witness who is subpoenaed on behalf of the commission * * * shall receive for his attendance the fees and mileage provided for witnesses in civil cases in the district court * * *. The commission may, in its discretion, assess the cost of attendance and mileage of witnesses subpoenaed by either party to any proceeding, against the other party to such proceeding, *when in its judgment, the necessity of subpoenaing such witnesses arises out of the raising of any incompetent, irrelevant or sham issues by such other party.*" (Italics ours)

The commission did not find that "any incompetent, irrelevant or sham issues" were raised by either party, nor, the record considered, could it have done so. Hence, the inapplicability of the above statute. Besides, claimant was not subpoenaed, nor was he a "witness" in the meaning of any statute or rule of decision having to do with costs. He was a party to the proceeding and voluntarily appeared and gave testimony as such.

It cannot successfully be contended that this allowance was authorized under the provisions of section 1, chapter 43, '35 C.S.A., because that section is expressly limited to costs arising out of court actions, and it has

no application to special proceedings before any boards, bureaus or commissions unless expressly authorized by the creative act.

The judgment is reversed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE LUXFORD dissent.