No. 22294.

INDUSTRIAL COMMISSION OF COLORADO, DENVER-GOLDEN CORPORATION, AND STATE COMPENSATION INSURANCE FUND *v*. ELMER ROWE.
(425 P.2d 274)

Decided March 27, 1967.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, Alious Rockett, Harold Clark Thompson, Francis L. Bury, Feay Burton Smith, Jr., Richard T. Goold, for plaintiffs in error Denver-Golden Corporation and State Compensation Insurance Fund.

Edward J. Scheunemann, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

This writ of error involves a claim filed April 24, 1964, under the Workmen's Compensation Act by Elmer Rowe, the defendant in error here.

Rowe had been employed by the Denver-Golden Corporation, one of the plaintiffs in error, as a foreman in its Schwartzwalder Uranium mine and claimed total

disability from the occupational disease of silicosis. The referee awarded Rowe benefits of $11,400 under the escalator clause of C.R.S. 1963, 81-18-16. Five thousand dollars of the award was to be paid by respondents Denver-Golden Corporation and State Compensation Insurance Fund; the balance was to be paid from what is known as the Subsequent Injury Fund because the claimant had also previously worked in the mines of a different employer. The referee also made a finding that Rowe had begun to receive social security payments in the amount of $123 per month as of August 1, 1964, and that his weekly compensation rate should accordingly be reduced, under C.R.S. 1963, 81-12-1(4), from $43.75 per week to $29.56 per week as of that date.

Denver-Golden Corporation and the State Compensation Insurance Fund thereafter petitioned the Industrial Commission to reduce the total aggregate compensation to be paid to Rowe proportionately with the reduced weekly compensation. The Commission thereupon, after hearing, by a vote of 2 to 1 reduced the total amount due from the two state funds and Denver-Golden Corporation from $11,400 to $7,959.94. It provided that Denver-Golden and the Insurance Fund were to be responsible for $3,635.73 of this amount and that the balance of $4,324.21 was to be paid from the Subsequent Injury Fund. Rowe, being dissatisfied with the ordered reduction, appealed to the District Court with the result that the decision was reversed with orders to the Industrial Commission to reinstate the total amount of $11,400 initially awarded by the referee.

Since there is no dispute that this claimant is totally disabled by silicosis, the primary issue here is: Whether the maximum aggregate amount awarded Rowe under C.R.S. 1963, 81-18-16 should have been reduced proportionately to the weekly compensation as the latter was reduced under C.R.S. 1963, 81-12-1(4)?

The statute provides in pertinent part:

"(4) In cases where it is determined that periodic

disability benefits granted by the federal old-age, survivors, and disability insurance act are payable to an individual, *the weekly benefits payable* pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to one-half such federal periodic benefits for such week." [C.R.S. 1963, 81-12-1(4)]. (Emphasis added.)

In addition, C.R.S. 1963, 81-18-16(2) provides for an increasing scale in the aggregate amount payable to one totally disabled from silicosis. This section provides for an award of $500 as of January 1, 1946, and thereafter the aggregate payable is to increase at a rate of $50 per month until a maximum of $13,693.75 (as provided for in C.R.S. 1963, 81-18-15) is reached. As of March 27, 1964, the date on which claimant Rowe was determined to be totally disabled, the aggregate payable to him under this formula had reached $11,400, the amount awarded by the referee here.

 Nowhere in the Workmen's Compensation Act is there a provision for a reduction of the *aggregate total* award in cases in which a claimant is also receiving federal old-age or disability payments. The only statute applicable is C.R.S. 1963, 81-12-1(4) which provides that the *weekly* benefits payable shall be reduced in this type of case. Plaintiffs in error would, nevertheless, have us infer from the above quoted portion of C.R.S. 1963, 81-12-1, that the aggregate awards as well as weekly benefits are to be reduced. They urge that it was the intent of the legislature to prohibit recovery by a claimant from more than one employer-financed plan, and that failure to reduce the aggregate total in this case would thwart legislative intent. And, they disregard entirely the statutory provision of C.R.S. 1963, 81-18-16(2) which requires a formula payment to Rowe of $11,400 from Workmen's Compensation coverage.

 Obviously here, the legislature has not provided for a reduction in the total payment. The statute, C.R.S. 1963, 81-12-1(4), is not ambiguous; it is clear

to us that it provides for a reduction in the weekly benefits only; that to extend this reduction to include total benefits would not only be tantamount to indulging in judicial legislation but would ignore the express statutory language and would also defeat the long-honored concept that these statutes are to be construed liberally in favor of the employee. See *Miller v. Industrial Commission*, 106 Colo. 364, 105 P.2d 404 (1940); *Sheely v. Sheely*, 102 Colo. 194, 78 P.2d 378 (1938); *Industrial Commission v. Carpenter*, 102 Colo. 22, 76 P.2d 418 (1938); *Cresson Co. v. Industrial Commission*, 90 Colo. 353, 9 P.2d 295 (1932); *Karoly v. Industrial Commission*, 65 Colo. 239, 176 Pac. 284 (1918).

■ Plaintiffs in error urge that the Colorado statute was intended to forestall the operation of 42 U.S.C.A. § 424a(a), which became effective in December, 1965, and that the federal statute provides for a reduction in federal disability benefits for those who are also entitled to disability benefits under a state workmen's compensation plan, unless the state has legislation which has been denominated as an "off-set" statute. They state that this evidences an intent on the part of the federal government to avoid double payment of benefits which, it is asserted by the plaintiffs in error, is the result obtained here. An examination of the federal act, however, discloses that the reduction in federal benefits, if made by the Social Security Administration, applies only to periodic monthly payments. We therefore conclude, from the statutory wording used, that neither the Colorado Legislature nor the Congress intended any reduction in the total aggregate amount to be paid to one like Rowe. Here the net result of our holding is that Rowe is entitled to the statutory total of $11,400, but it is merely to be paid over a longer period of time.

We note that the payments due a claimant for silicosis amount to a specific dollar total and are not, as in some other disabilities, limited to specific payments due over a stated number of weeks. The evident objec-

tive of both the federal and state acts seems to be to limit maximum *weekly or monthly* benefits, as the case may be, to a percentage which will be less than a worker's weekly or monthly earnings would be.

■ The plaintiffs in error secondarily contend that since the Industrial Commission saw fit to reduce the award, this must be affirmed. They cite *Warner v. Mullens*, 111 Colo. 60, 137 P.2d 420 (1943) and other authorities for the proposition that findings of the Industrial Commission are binding on the courts. This is true, however, only as to findings of fact. Where the Commission has misconstrued or misapplied the law, we are in no way bound by its decision. *Brush Hay and Milling Co. et al. v. Small*, 154 Colo. 11, 388 P.2d 84 (1963). In cases such as *Warner* we affirmed changes on the part of the Commission of awards by referees when the changes resulted from factual determinations. But where, as here, a change has been made solely on the basis of a misapplication of the law, it will not be upheld.

We have also examined two other grounds urged for reversal by the plaintiffs in error and find both to be without merit. Accordingly, we deem it unnecessary to discuss them herein.

We find no error in the ruling of the District Court which reinstated the award of the referee.

The judgment is affirmed.

MR. JUSTICE McWILLIAMS not participating.