Deborah COMPTON, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Western Publishing Company, and Liberty Mutual Insurance Company, Respondents.

No. 99CA2336.

Colorado Court of Appeals, Div. V.

July 20, 2000.

Certiorari Denied Nov. 20, 2000.

Steven U. Mullens, Steven U. Mullens, P.C., Colorado Springs, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Zarlengo, Mott, Zarlengo and Winbourn, P.C., Scott M. Busser, Denver, Colorado, for Respondents Western Publishing Company and Liberty Mutual Insurance Company.

Opinion by Judge VOGT.

Deborah Compton (claimant) seeks review of a final order of the Industrial Claim Ap-

peals Office (Panel) denying her claim for expert witness fees. We affirm.

A hearing was scheduled to determine claimant's entitlement to retroactive temporary total disability (TTD) and permanent total disability (PTD) benefits following a work-related automobile accident. At the beginning of the hearing, the respondents Western Publishing Company and Liberty Mutual Insurance Company (collectively, employer) moved to strike the issue of PTD benefits, arguing that the issue was not ripe since claimant was contending she was not yet at maximum medical improvement. The motion was granted and the hearing proceeded only on the TTD benefits issue.

Claimant had arranged for the appearance of four expert witnesses to testify concerning her entitlement to PTD benefits. Two of them testified briefly in support of her claim for retroactive TTD benefits.

Claimant sought reimbursement of some $1,800 in fees paid to these witnesses, contending that employer should be assessed these sums pursuant to § 8–43–315, C.R.S. 1999, because its delay in moving to strike the PTD benefits issue deprived her of the opportunity to cancel the attendance of her witnesses. The Administrative Law Judge (ALJ) initially granted the request, but vacated his order after employer filed a timely petition for review.

A hearing was held before a different ALJ on claimant's request for expert witness fees. That ALJ found that, contrary to the representations of claimant's counsel at the earlier hearing, the witnesses had not been subpoenaed for that hearing but had appeared voluntarily pursuant to agreement. Thus, the ALJ concluded, their fees could not be awarded under § 8–43–315, since the statute authorizes fees only for witnesses under subpoena. The ALJ also found § 8–43–315 inapplicable because claimant did not establish that a subpoena was necessitated by the employer's dilatory conduct, which, although discourteous, did not rise to the level of "raising a sham issue" within the meaning of the statute. The Panel affirmed.

■ On appeal, claimant does not dispute the ALJ's finding that the witnesses were not subpoenaed, but contends that a subpoena is not a prerequisite to the assessment of costs under § 8–43–315. She argues that the ALJ and the Panel erred in construing literally a statute whose intent was to allow the ALJ some latitude in assessing expert witness costs that were incurred as a result of the opposing party's bad faith. We disagree.

■ Administrative tribunals that adjudicate workers' compensation claims are created by statute, and the jurisdiction, powers, duties, and authority of these tribunals are limited to what is provided by statute. *Lewis v. Scientific Supply Co.*, 897 P.2d 905 (Colo.App.1995). Thus, expert witness fees and other costs cannot be awarded in workers' compensation cases absent specific statutory authorization. *See Arkin v. Industrial Commission*, 145 Colo. 463, 358 P.2d 879 (1961); *Natkin & Co. v. Eubanks*, 775 P.2d 88 (Colo.App.1989).

Section 8–43–315 provides:

The director or any agent, deputy, or administrative law judge of the division has the power to issue subpoenas to compel the attendance of witnesses.... The director has the discretion to assess the cost of attendance and mileage of witnesses subpoenaed by either party to any proceeding against the other party to such proceeding when, in the director's judgment, the necessity of subpoenaing such witnesses arises out of the raising of any incompetent, irrelevant, or sham issues by such other party.

■ In interpreting a statute, a reviewing court must determine and give effect to the intent of the General Assembly. To this end, a court should look first to the statutory language, affording the words their plain and ordinary meaning. *Weld County School District RE–12 v. Bymer*, 955 P.2d 550 (Colo. 1998).

We agree with the Panel that the plain language of § 8–43–315 allows the exercise of discretion to assess witness fees only when the witness is subpoenaed to a proceeding. There is no provision for assessment of witness fees when a witness appears voluntarily, and we decline to read such a provision into the statute. *See Kraus v. Artcraft Sign Co.*,

710 P.2d 480 (Colo.1985)(court should not read nonexistent provisions into Workers' Compensation Act); *see also Maryland Casualty Co. v. Industrial Commission,* 116 Colo. 58, 178 P.2d 426 (1947)(holding that absence of any irrelevant, incompetent, or sham issues rendered predecessor to § 8–43–315 inapplicable to claimant's request for his own hearing expenses, and noting additionally that claimant was neither subpoenaed nor a witness within the meaning of the statute).

Because the initial predicate for allowing the assessment of fees under § 8–43–315 was not established, we need not address claimant's contention that the necessity for the witnesses' attendance arose out of employer's bad faith conduct.

The order is affirmed.

Judge RULAND and Judge CASEBOLT concur.