**Fern V. WAIT, Petitioner,**

v.

**JAN'S MALT SHOPPE; Continental Divide Insurance Co.; the Industrial Commission of the State of Colorado; Charles McGrath, as Director of the Division of Labor; Gary B. Rose, Mike Baca, and Robert Knous, Sr., as Commissioners of the Industrial Commission, Respondents.**

**No. 85CA1724.**

Colorado Court of Appeals, Div. II.

Jan. 15, 1987.

Rehearing Denied Feb. 12, 1987.

Certiorari Denied (Jan's Malt Shoppe) May 11, 1987.

John Gehlhausen, P.C., John Gehlhausen, Lamar, for petitioner.

Greengard & Senter, Scott R. Cook, Denver, for respondents Jan's Malt Shoppe and Continental Divide Ins. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondents Industrial Com'n, Charles McGrath, Gary B. Rose, Mike Baca and Robert Knous, Sr.

SMITH, Judge.

Fern Wait (claimant) seeks review of a final order of the Industrial Commission which determined, in part, that an order issued by a hearing officer was properly entered. We set aside the order.

Claimant suffered an admitted injury for which she sought certain workmen's compensation benefits that were contested by her employer and its insurer. A hearing was conducted in February 1985 by Hearing Officer Cochran. On May 16, 1985, an order resolving the claim for benefits was issued; however, it was signed by Hearing Officer Gandy for Cochran.

It is undisputed that Cochran retired from his employment as a hearing officer effective May 1, 1985. It is also evident that on April 29, 1985, Cochran dictated, in full, the order in question and submitted it to his typist, who transcribed it verbatim. However, the typed order was not completed until after Cochran's retirement date, and Gandy signed the order in Cochran's behalf. Gandy did not review a transcript of the hearing before signing the order.

Claimant, dissatisfied with the order, petitioned the Industrial Commission for review on both this procedural irregularity and on substantive grounds. Insofar as pertinent here, the Commission concluded that, since Cochran had dictated the order, the findings and conclusion were his own, and there was no reversible error in the ministerial act of Gandy signing the order on Cochran's behalf.

The question on review is whether the order signed by Gandy was valid. We conclude it was not.

 An order of a hearing officer does not enter until it is set forth in writing and a copy is mailed to the parties in interest. Section 8–53–110, C.R.S. (1986 Repl. Vol. 3B). Cochran's mere composition of the order was insufficient to effect its entry. Rather, Cochran was not a hearing officer at the time the order was presented in written form and mailed to the parties, and

thus he had no authority to enter the order. *Welch v. Industrial Commission*, 722 P.2d 439 (Colo.App.1986). Hence, it follows that Gandy could not enter the order on Cochran's behalf and the purported order is invalid.

Moreover, Gandy could not enter an order in his own right without first hearing the evidence or, at least, reviewing the transcript. *State Compensation Insurance Fund v. Fulkerson*, 680 P.2d 1325 (Colo.App.1984). Since these requirements were not fulfilled, the order cannot be salvaged.

The entry of a valid order by a hearing officer is a prerequisite to review by the Industrial Commission, and absent such an order, any order entered by the Commission on review is a nullity. *Welch v. Industrial Commission, supra.* Such is the case here.

The order of the Commission is set aside, and the cause is remanded to the Industrial Claim Appeals Office for further proceedings either by review of the record and transcript by a new hearing officer or by a new hearing as the Industrial Claim Appeals Office shall direct.

VAN CISE and STERNBERG, JJ., concur.