CONSOLIDATED LANDSCAPE and Colorado Compensation Insurance Authority, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Adolfo Casillas Luevano, Respondents.

No. 94CE0012.

Colorado Court of Appeals, Div. V.

July 28, 1994.

Rehearing Denied Sept. 1, 1994.

Douglas A. Thomas, Denver, for petitioners.

No appearance for respondent Indus. Claim Appeals Office.

Pepe J. Mendez & Associates, P.C., Elsa Martinez Tenreiro, Denver, for respondent Adolfo Casillas Luevano.

Opinion by Judge ROTHENBERG.

On petition of Consolidated Landscape and Colorado Compensation Insurance Authority (petitioners) in this workers' compensation case, we granted certiorari to determine the date when the order of the Administrative Law Judge (ALJ) authorizing a change of physicians became effective for claimant, Adolfo Casillas Luevano. We hold that the effective date was the date of the ALJ's oral ruling rather than the date of the ALJ's written order. Accordingly, we affirm the Industrial Claim Appeals Office order.

Claimant requested a change of treating physicians and was first treated by the requested physician on April 19, 1993. At a later hearing on July 7, 1993, the ALJ orally authorized the change of physicians, effective April 19, 1993. The ALJ reduced the oral ruling to writing on August 19, 1993.

On review, the Panel initially concluded that the ALJ could not change the treating physician retroactively and modified the order to make it effective on the date of the ALJ's written order. However, the Panel then changed its ruling and made the order effective on July 7, 1993, the date of the ALJ's oral ruling.

The controlling statute is § 8–43–404(5), C.R.S. (1993 Cum.Supp.), which authorizes a change of treating physicians upon obtaining "permission" of either the employer, insurer, or the division of workers' compensation.

Relying on Wait v. Jan's Malt Shoppe, 736 P.2d 1265 (Colo.App.1987), petitioners argue that the effective date of the change of treating physicians must be the date of the written order. They argue, in essence, that authorization of a change in treating physicians must satisfy the requirements of finality and appealability of a judgment before it can be effective. The claimant contends that permission for the change in treating physicians became effective on July 7, 1993, when the ALJ made the summary ruling orally at the hearing. We agree with the claimant.

At the conclusion of any hearing, the ALJ is required to make a summary order. Section 8–43–215, C.R.S. (1993 Cum.Supp.). Within fifteen days of the conclusion of the hearing, the ALJ is required to reduce the summary order to writing. Section 8–43–215, C.R.S. (1993 Cum.Supp.).

Although we agree with the petitioners that an ALJ's order is not reviewable until it is reduced to writing, we do not construe the standards and formalities necessary for review to be identical or applicable to "obtaining permission" to change treating physicians.

One of the purposes of the Workers' Compensation Act, as set forth in § 8–40–101, C.R.S. (1993 Cum.Supp.), is to assure the quick and efficient delivery of medical benefits to injured workers. As a practical matter, the process of obtaining permission to change physicians in this informal proceeding should not be delayed and have to await entry of a written and reviewable order, once the ALJ has made a summary ruling granting permission to change physicians. Here, we note that additional delay occurred because the ALJ's written order was issued 42 days after the oral order, and not within the fifteen days required by § 8–43–215.

Therefore, we hold that the effective date for the change of treating physicians was the date of the ALJ's oral ruling on July 7, 1993.

Order affirmed.

NEY and CASEBOLT, JJ., concur.