548 P.2d 133 (1976)
CITY OF THORNTON, and Division of State Compensation Insurance Fund, Petitioners,
v.
George TEETER, and Industrial Commission of Colorado, Respondents.
No. 75-561.
Colorado Court of Appeals, Div. I.
March 11, 1976.
William J. Baum, Francis L. Bury, Robert S. Ferguson, Denver, for petitioners.
L. F. Butler, Lakewood, for respondent George Teeter.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Louis L. Kelley, Asst. Attys. Gen., Denver, for respondent Industrial Commission.
Selected for Official Publication.
VanCISE, Judge.
This action involves an interpretation of the workmen's compensation statute which requires that a credit be given for social security disability benefits received by a claimant. George Teeter (the claimant) was employed by the City of Thornton (the employer) as a fireman. On July 2, 1971, the claimant sustained an accidental back injury, the accident admittedly arising out of and in the course of his employment. He filed a claim for a workmen's compensation and, during his temporary total disability, received from the Division of State Compensation Insurance Fund (the Fund) the maximum weekly benefits of $64.75. These benefits were later reduced, pursuant to § 8-51-101(1)(c), C.R.S.1973, to $39.09 per week after claimant was awarded social security disability benefits. On September 24, 1973, the employer and the Fund filed a special admission of liability admitting that claimant was entitled to compensation benefits from the Fund due to his permanent partial disability in the amount of 35% as a working unit. Compensation for temporary total disability was terminated as of April 19, 1973, and he commenced receiving permanent partial disability benefits as of April 20, in the maximum weekly amount allowable by statute, § 8-51-108(1)(b), C.R.S.1973, $64.75, less the social security offset which reduced the payments to a net of $39.09.
The claimant then requested that the balance due on his award be paid to him in a lump sum. Accordingly, on December 4, 1973, he was paid an amount that brought *134 his total compensation for permanent partial disability to an aggregate of $10,163.40.
A dispute arose over whether claimant was entitled to receive additional sums until the aggregate sum of $16,835 (the maximum amount specified in § 8-51-108(1)(b), C.R.S.1973) has been paid to him, or whether he was limited to an aggregate of $10,163.-40 in compensation benefit payments because of the social security offset provisions of § 8-51-101(1)(c), C.R.S.1973. The claimant agreed that the weekly payments were properly reduced to the $39.09, but contended that they should continue at the reduced rate until the entire $16,835 has been paid. The employer and the Fund maintain that the offset should be taken from the maximum permanent partial disability allowance, the $16,835, thereby reducing the aggregate payments to $10,163.-40.
In resolution of this dispute, the Industrial Commission adopted the order of the referee which held that the claimant was entitled to compensation from the Fund at the weekly rate of $39.09 starting April 20, 1973, and continuing until the total sum of $16,835 has been paid for permanent partial disability.
The employer and the Fund seek review of the Commission's order. The Commission confesses error, but the claimant contends the order as issued should be affirmed. We set aside the order.
There is no dispute as to the facts and figures. The sole issue is whether the claimant is entitled to receive from the Fund the full $16,835 or whether the Fund's liability is limited to $10,163.40, the amount already paid. The basis for the contention that the total of the payments should be reduced to the lesser figure is the social security offset provision in § 8-51-101(1) (c), C.R.S.1973.
Prior to 1971, this statute, then C.R.S.1963, 81-12-1(4) provided:
"In cases where it is determined that periodic disability benefits granted by the federal old-age, survivors, and disability insurance act are payable to an individual. . . the weekly benefits payable. . . pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to one-half such federal periodic benefits for such week . . . ." (emphasis added)
In 1967 the Supreme Court in Industrial Commission v. Rowe, 162 Colo. 248, 425 P.2d 274, was faced with construing the above quoted statute to resolve an issue similar to that presented here. It ruled that:
"The statute, C.R.S.1963, 81-12-1(4), is not ambiguous; it is clear to us that it provides for a reduction in weekly benefits only; that to extend this reduction to include total benefits would not only be tantamount to indulging in judicial legislation but would ignore the express statutory language . . . ."
And, based on its interpretation of the statute then in effect, it held that the claimant was entitled to the statutory total, but that it was to be paid over a longer period of time.
Then, effective July 1, 1971, the legislature amended the statute to its present form, deleting the words "weekly benefits payable" and substituting "aggregate benefits payable" and striking entirely the words "for such week." Colo.Sess.Laws 1971, ch. 225, § 81-12-1(4). The pertinent parts of the statute, § 8-51-101(1)(c), C.R.S.1973, now read:
"[T]he aggregate benefits payable for. . . permanent partial disability. . . shall be reduced . . . by an amount equal as nearly as practical to one-half such federal periodic benefits. . .." (emphasis added)
As stated in Industrial Commission v. Milka, 159 Colo. 114, 410 P.2d 181:
"In arriving at legislative intent, the language of an amendment must be construed in the light of previous decisions by courts of last resort construing the original act, it being presumed that *135 the legislature when adopting an amendment had in mind such judicial construction; and the construction placed on the language of the original act must be adhered to after an amendment thereof which does not in any way change the particular language. If, after a statute has been interpreted, the legislature makes radical changes in phraseology, an intention is thereby shown to establish a rule different from that announced by the court."
Clearly the statute now provides for a reduction in the aggregate amount to be paid. Teeter's accident occurred July 2, 1971, and his benefits are to be determined in accord with the amended statute.
The order is set aside and the cause is remanded to the Industrial Commission for the entry of a new order consistent with this opinion.
COYTE and KELLY, JJ., concur.