Alvin ENGELBRECHT,
Applicant-Appellant,

v.

·HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Mobile Premix Con-
crete, Inc., Industrial Commission of the
State of Colorado, and Charles McGrath,
Director of the Colorado Division of La-
bor, Respondents-Appellees.

No. 82CA0026.

Colorado Court of Appeals,
Division II.

July 8, 1982.

Rehearing Denied Aug. 5, 1982.

Certiorari Granted Oct. 25, 1982.

Hall & Evans, Frederic A. Ritsema, Den-
ver, for applicant-appellant.

Zarlengo, Mott & Zarlengo, Albert E.
Zarlengo, Jr., Denver, for respondents-ap-
pellees Hartford Acc. and Indem. Co. and
Mobile Premix Concrete, Inc.

J. D. MacFarlane, Atty. Gen., Alice L.
Parker, Asst. Atty. Gen., Denver, for re-
spondents-appellees Industrial Com'n of the
State of Colo. and Charles McGrath, Di-
rector of the Colorado Div. of Labor.

BERMAN, Judge.

Workers' compensation claimant, Alvin
Engelbrecht, seeks review of an order of
the Industrial Commission which allows the
insurer, Hartford Accident and Indemnity
Company, to increment the credit it re-
ceives against claimant's disability benefits
as claimant's social security benefits are
increased by cost-of-living adjustments.
We affirm.

· The facts are not in dispute. The claim-
ant was injured in the course and scope of
his employment and received permanent to-
tal disability benefits. The March 20, 1979
order which found the claimant entitled to
maximum disability payments, also stated
that these benefits were "subject to an off-
set for the Social Security Administration
Disability Benefits . . ." and the compensa-
tion was to be "adjusted periodically in the
future for Federal Social Security offset
changes for the natural life of the claim-
ant." This order was not appealed.

Subsequent to that order, the claimant
requested and was granted a lump sum
award. The claimant was granted a lump
sum of $26,292, and the insurer was ordered
to pay the balance of benefits due at the
monthly rate of $315.44 until the claimant
reached the age of 65 and $563.22 thereaft-
er. The claimant began receiving social
security benefits at the monthly rate of
$445.70. Because of cost-of-living adjust-
ments, these benefits have periodically in-
creased to $512.70. The Industrial Commis-
sion has determined that the insurer is enti-
tled to increase its credit as the social secur-
ity benefits rise and it is this decision for
which review is sought.

The claimant argues that § 8–51–
101(1)(c), C.R.S.1973, does not permit the
insurer to increase its social security credit
as social ·security benefits rise. Such an

argument was advanced in *Dailey v. Industrial Commission,* Colo.App., 651 P.2d 1223 (1982). In *Dailey* we held that social security cost-of-living benefits may be offset against a worker's compensation benefits. That case is dispositive here. This procedure is to be followed, even if, as predicted by the claimant, by 1988 the insurer will have to pay nothing. *See Meyer v. Industrial Commission,* Colo.App., 644 P.2d 46 (1981).

The claimant further argues that even if the social security offset is permitted to rise with the cost of living, the lump sum award in this case requires that no further credit be taken. We disagree.

Here, the lump sum payment is a substitute for periodic payments. Therefore, the reason for applying the offset in *Dailey* is applicable. *See 4 A. Larson, Workmen's Compensation Law* § 97.34 (1981). Furthermore, in *Thornton v. Teeter,* 37 Colo. App. 427, 548 P.2d 133 (1976), we held that when there is a lump sum payment, the "aggregate amount" is to be reduced by the social security offset pursuant to § 8–51–101(1)(c), C.R.S.1973.

Order affirmed.

PIERCE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I respectfully dissent.

I believe it is neither equitable under the facts, nor necessary under the law to allow the workmen's compensation insurer to benefit from Social Security cost of living increases in benefits. The statute, § 8–51–101(1)(c), C.R.S.1973, provides that if Social Security benefits decrease the credit against the compensation award also decreases; however, the statute is silent as to what happens when Social Security benefits rise. Workers' compensation benefits are set at a fixed sum as of the date of the accident. To allow a Social Security credit taken by the insurer to rise as cost of living increases in those benefits are awarded would lead to a steady erosion of the disability benefits. There is no good reason why the insurer should benefit from Social Security costs of living increases. If the General Assembly had intended that result, they could have so provided. They did not do so in the statute, and we err in writing such a provision into the statute.

Based upon this rationale, and the well reasoned dissenting opinion of Judge Kelly in *Dailey v. Industrial Commission,* Colo. App., 651 P.2d 1223 (1982), I would reverse the order of the Industrial Commission, and would decline to follow the majority opinion in *Dailey.*