**Linda C. YATES, Petitioner,**

v.

**SINTON DAIRY, CNA Insurance Companies, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 93CA0567.**

Colorado Court of Appeals, Div. I.

May 19, 1994.

Rehearing Denied June 16, 1994.

Certiorari Denied Nov. 7, 1994.

Alexander & Ricci, William A. Alexander, Jr., Colorado Springs, for petitioner.

White and Steele, P.C., John M. Lebsack, Denver, for respondents Sinton Dairy and CNA Ins. Companies.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge BRIGGS.

█ The issue raised by Linda C. Yates (claimant) in this workers' compensation case is whether the offset for social security disability benefits is subtracted from the claimant's disability rate before or after the rate is reduced to the state maximum. The Industrial Claim Appeals Panel held that the social security offset is subtracted after the benefit rate is reduced to the state maximum. We affirm.

Claimant's average weekly wage on the date of injury was $610.17. Pursuant to § 8–42–105(1), C.R.S. (1993 Cum.Supp.), claimant was entitled to receive as temporary total disability benefits sixty-six and two-thirds percent of her average weekly wage, not to exceed a maximum of ninety-one percent of the state average weekly wage per week. The maximum benefit derived from the state average weekly wage at the time was $354.69.

The claimant also qualified for Social Security Disability Insurance (SSDI) benefits. Pursuant to the workers' compensation offset statute, § 8–42–103(1)(c), C.R.S. (1993 Cum. Supp.), this resulted in an offset credit of $53.68 per week.

Claimant argues that the term "aggregate benefits payable" in the offset statute refers to the entire amount she would receive if there were no maximum benefit. Accordingly, she argues, in this case the offset should be subtracted from two-thirds of her average weekly wage and the statutory maximum then applied, with the result that after the offset she would still be entitled to the statutory maximum benefit. We disagree.

Section 8–42–103(1)(c) provides in pertinent part:

> In cases where it is determined that periodic disability benefits granted by the federal old-age, survivors, and disability insurance act are payable to an individual ... the *aggregate benefits payable* for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability ... shall be reduced, but not below zero, by an amount equal as nearly as practical to one-half such federal periodic benefits.... (emphasis added)

In construing a statute, a court must give words and phrases ·effect according to their plain and ordinary meaning. *Husson v. Meeker,* 812 P.2d 731 (Colo.App.1991). If the language is clear and the intent appears with reasonable certainty, there is no need to resort to rules of statutory construction. *People v. Andrews,* 871 P.2d 1199 (Colo. 1994).

Section 8–42–103(1)(c) provides that "the aggregate benefits payable" to the recipient shall be reduced by the social security offset. That language clearly refers to the statutory maximum benefit to which claimant here is entitled.

Contrary to claimant's argument, disability benefits could never be "payable" to the claimant at a rate in excess of the statutory maximum. The determination of the benefits payable in the absence of the statutory maximum is no more than a step in the calculation of the actual aggregate benefits payable pursuant to the statutory formula. The claimant's proposed interpretation of this language ignores the word "payable."

Claimant argues that the amendment of the offset statute in 1971 to provide a reduction in the "aggregate benefits payable" instead of the "weekly benefits payable" indicates a legislative intent that the offset was to be subtracted from the benefit calculated before reduction to the maximum rate allowed. However, the General Assembly amended the statute after our supreme court in *Industrial Commission v. Rowe,* 162 Colo. 248, 425 P.2d 274 (Colo.1967) had construed the offset to apply only to the amount of the weekly benefits. This resulted in the claimant being entitled to the same total amount of payments, merely spread over a longer period of time.

The statutory amendment reflects an intention to change the rule announced by the court in *Rowe* so that the offset applies to the aggregate amount paid. *See City of Thornton v. Teeter,* 37 Colo.App. 427, 548 P.2d 133 (1976). The reference to "aggregate" benefits payable provides no basis to infer that, contrary to the statute's plain language, the offset should be subtracted before determining the actual amount of benefits payable.

Further, the legislative intent appears with "reasonable certainty." Our supreme court has recognized that the purpose of the offset is to prevent an injured worker from receiving the full amount of social security and workers' compensation benefits for the same disability. *See Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo.

1984). Claimant's proposed interpretation would contravene that purpose.

Order affirmed.

NEY and ROY, JJ., concur.