Catarina **IHNEN**, Petitioner,

v.

**WESTERN FORGE; The Industrial Claim Appeals Office of the State of Colorado; and Director, Division of Workers Compensation, Respondents.**

No. 96CA0819.

Colorado Court of Appeals, Div. V.

March 20, 1997.

Opinion by Judge DAVIDSON.

Petitioner, Catarina Ihnen (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel), which determined that Western Forge (employer) was entitled to a 50% offset for the social security insurance disability benefits (SSDI) that were payable to her. We affirm.

The facts are undisputed. Claimant's spouse died in early 1990. On account of his death, claimant was awarded $380 per month in mother's benefits by the Social Security Administration and her daughter received a like amount in survivor's benefits. Claimant also suffered a work-related injury in August 1990, and was awarded temporary total disability benefits of approximately $663 per month. Employer requested that claimant apply for SSDI.

Commencing October 1994, claimant was awarded SSDI of $411 per month, and pursuant to § 8–42–103(1)(c)(I), C.R.S. (1996 Cum. Supp.), employer reduced claimant's temporary total disability benefits by one-half of those benefits, or roughly $205 per month. However, the SSDI award rendered claimant ineligible for the mother's benefits that she had been receiving, claimant subsequently withdrew her application for SSDI benefits and obtained reinstatement of the mother's benefits.

Employer then petitioned to modify the temporary disability benefits by $205, based upon the $411 in SSDI that would have been payable to claimant if she had not withdrawn her application for those benefits. The effect of employer's request would have reduced claimant's overall family income by $175 per month.

The Administrative Law Judge (ALJ) found that the purpose of the statutory offset, to avoid duplication of benefits, was not met because the employer here had not contributed to the mother's benefits. The ALJ therefore denied employer's request.

On review, the Panel set aside the ALJ's order and determined that the fact that the mother's benefits did not constitute a "double recovery" for the same disability was not dispositive. Rather, under the language of the statute, the employer was entitled to reduce its liability for temporary total disability benefits based upon the amount of SSDI payable to the claimant, even though the claimant did not realize an economic gain.

Claimant contends that because she was entitled to the mother's benefits as a result of her spouse's death prior to, and independent of, the work-related injury, the offset statute should not have been applied. We disagree.

Section 8–42–103(1)(c)(I) provides that "where it is determined that periodic disability benefits granted by the federal old-age, survivors, and disability insurance act are payable" to the claimant, temporary total disability benefits shall be reduced by one-half of the federal periodic benefits. The statute also provides that:

> Upon request of the insurer or employer, the employee shall apply for such federal periodic benefits and respond to requests from the insurer or employer as to the status of such application. Failure to comply with this section shall be cause for suspension of benefits.

Our primary task in construing a statute is to discern the intent of the General Assembly. In doing so, words and phrases

should be given effect according to their plain and obvious meaning. *L.E.L. Construction v. Goode*, 867 P.2d 875 (Colo.1994).

The phrase "where it is determined" in the 1963 version of a predecessor to § 8–42–103(1)(c)(I) was construed to entitle an employer or its insurer to an offset when either the Social Security Administration or the ALJ determined that SSDI was due to the claimant. *Hurtado v. CF & I Steel Corp.*, 168 Colo. 37, 449 P.2d 819 (1969). The requirement establishing the claimant's duty to apply for SSDI was subsequently added. *See* Colo. Sess. Laws 1988, ch. 49, § 8–51–101(1)(c) at 378.

Section 8–42–103(1)(c)(I), as amended, does not contain language that limits the claimant's obligation to apply for SSDI or that limits the application of the offset only to circumstances in which the employer and the claimant both achieve an overall economic gain. Thus, we agree with the Panel that under the plain language of § 8–42–103(1)(c)(I), employer was entitled to the offset.

█ Here, it is undisputed that claimant would have been entitled to SSDI in the amount of $411 per month as a result of her work-related disability. Therefore, the employer was entitled to reduce its liability for temporary total disability benefits by one-half of that amount, or $205.50 per month.

We recognize that this is not the typical offset case, in which the social security benefits and the workers' compensation benefits are each paid because of the work-related injury to the decedent, and the offset is made to avoid a duplication of benefits. *See Metro Glass & Glazing, Inc. v. Orona*, 868 P.2d 1178 (Colo.App.1994). However, the inequity here results in part from the social security scheme, which apparently does not allow the claimant, under the circumstances here, to receive both mother's benefits and SSDI at the same time. *See generally L.E.L. Construction v. Goode, supra.*

█ Furthermore, it may well be more equitable for the General Assembly to create an exception to the offset statute in circumstances when, as here, the claimant has a valid reason not to accept SSDI or does not benefit from a determination that SSDI is payable. However, it is not the function of this court to rewrite the legislation, as the power to change the present scheme rests with the General Assembly. *Bellendir v. Kezer*, 648 P.2d 645 (Colo.1982); *see also Kraus v. Artcraft Sign Co.*, 710 P.2d 480 (Colo.1985).

The order is affirmed.

ROTHENBERG and ROY, JJ., concur.