**Raymond STOLWORTHY, Petitioner,**

v.

**John CLARK, d/b/a Clark Construction; Colorado Compensation Insurance Authority; Subsequent Injury Fund; and the Industrial Claim Appeals Office of the State of Colorado; Respondents.**

No. 97CA0255.

Colorado Court of Appeals,
Div. IV.

Sept. 18, 1997.

Rehearing Denied Nov. 13, 1997.

Certiorari Granted Feb. 23, 1998.

Dawes and Harriss, P.C., Gail C. Harriss, Durango, for Petitioner.

Colorado Compensation Insurance Authority, Laurie A. Schoder, Denver, for Respondents John Clark d/b/a Clark Construction

and Colorado Compensation Insurance Authority.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, David F. Schutzenhofer, Assistant Attorney General, Denver, for Respondent Subsequent Injury Fund.

No appearance for the Industrial Claim Appeals Office.

Opinion by Judge PIERCE.*

In this workers' compensation case, Raymond Stolworthy (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which granted his employer, John Clark, doing business as Clark Construction; its insurer, the Colorado Compensation Insurance Authority (CCIA); and the Subsequent Injury Fund (SIF) an offset for social security retirement benefits he received. Claimant also contends that the statute authorizing the offset, § 8–42–103(1)(c)(II), C.R.S.1997, violates the equal protection guarantees of the Fourteenth Amendment and Colo. const. art. II, § 25. We affirm the Panel's order and rule that the statute is not unconstitutional.

This case was decided on stipulated facts. Claimant sustained an admitted industrial injury in September 1992 while working for Clark Construction. The parties agreed that claimant was permanently and totally disabled and that liability for the permanent total disability (PTD) benefits was to be apportioned 15% to the SIF, and 85% to the CCIA.

The parties also stipulated that claimant became eligible for social security retirement benefits in July 1992, a few months before the September industrial injury, and began receiving those benefits in December 1992. Claimant's wife began receiving social security retirement benefits in 1994, based on her husband's earnings. However, claimant's application for social security disability benefits was disapproved because he did not meet the

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1997.

earnings requirement on or after the date he became disabled.

Claimant argued that the offset could not be taken because he was not entitled to receive social security disability benefits. The Administrative Law Judge (ALJ) disagreed, and determined that the CCIA and SIF could take an offset pursuant to § 8–42–103(1)(c)(II) based on claimant's and his wife's receipt of social security retirement benefits. The Panel affirmed the offset.

## I.

Claimant contends that his PTD benefits cannot be offset by his social security retirement benefits because the retirement offset in § 8–42–103(1)(c)(II) is dependent upon his receipt of social security disability benefits. We disagree.

Section 8–42–103(1)(c)(II) provides, in pertinent part, that:

[I]n cases where it is determined that periodic benefits granted by the federal old-age, survivors, and disability insurance act or employer-paid retirement benefits are payable to an individual and the individual's dependents when the individual reaches the age of sixty-five years, the aggregate benefits payable for permanent total disability pursuant to this section shall be reduced, but not below zero:

(A) By an amount nearly as equal as practical to one-half such federal benefits; except that this reduction for the periodic benefits granted by the federal old-age, survivors, and disability insurance act *shall not exceed the reduction specified* in subparagraph (I) of this paragraph (c) for the periodic disability benefits *payable* to an individual....

(emphasis added) In turn, § 8–42–103(1)(c)(I), C.R.S.1997, provides that, when social security disability benefits are "payable," workers' compensation benefits are reduced by 50% of those federal disability benefits. *See Ihnen v. Western Forge*, 936 P.2d 634 (Colo.App.1997).

Thus, claimant reasons that any offset for retirement benefits would necessarily "exceed the reduction specified" for social security disability benefits "payable" because he had not received the latter benefits. Therefore, he argues that, if social security disability benefits are not "payable," the offset for social security retirement benefits is zero.

However, in *Culver v. Industrial Claim Appeals Office*, 952 P.2d 1200 (Colo.App. No. 96CA1759, September 18, 1997), also announced today, we concluded, on slightly different facts, that the offset for social security retirement benefits can be taken regardless of a claimant's receipt of, or entitlement to, social security disability benefits. In *Culver*, we held that the receipt of, or entitlement to, social security disability benefits affects only the limitation on the amount of the offset for social security retirement benefits set forth in § 8–42–103(1)(c)(II)(A), C.R.S.1997, but not the applicability of the retirement offset itself. Thus, the offset under § 8–42–103(1)(c)(II) was properly taken because the claimant had received social security retirement benefits. The fact that claimant was entitled to, but *did not receive*, social security disability benefits, was irrelevant to the applicability of the retirement offset.

Likewise, the retirement offset here was properly granted because claimant and his wife received social security retirement benefits. Claimant's failure to qualify for social security disability benefits affects only the provision limiting the *amount* of the offset in § 8–42–103(1)(c)(II)(A), not the applicability of the offset itself. Since claimant was not entitled to any social security disability benefits, there was no *potential* disability offset under § 8–42–103(1)(c)(I) which would limit the amount of the retirement offset taken under § 8–42–103(1)(c)(II). *See Culver v. Industrial Claim Appeals Office, supra*. Accordingly, the Panel's affirmance of the offset is correct.

## II.

We reject claimant's contention that § 8–42–103(1)(c) violates equal protection guarantees. Our decision in *Culver v. Industrial Claim Appeals Office, supra*, is dispositive of claimant's two equal protection arguments.

In *Culver*, we ruled that applying the retirement offset to claimants over age 65 who are permanently and totally disabled, but not

to those over age 65 who were permanently and partially disabled, does not violate guarantees of equal protection because a differentiation based on the severity of the injury was rational. Similarly, another conclusion in *Culver* is that the legislative history of the retirement offset provision evidences a rational basis for application of the offset to claimants who were over 45 years of age when they suffered the injury upon which the award of PTD was based, but not to those who were under age 45. *See* § 8–42–103(1)(c)(IV), C.R.S.1997.

The order of the Panel is affirmed.

JONES and KAPELKE, JJ., concur.