**U.S. WEST COMMUNICATIONS, INC., Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, James E. Harper and Subsequent Injury Fund, Respondents.**

No. 98CA1197.

Colorado Court of Appeals, Div. A.

March 18, 1999.

Rehearing Denied April 22, 1999.

McCrea Keck & Buck, LLC, Margaret Keck, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Crane and Tejada, P.C., Bethiah B. Crane, Durango, Colorado, for Respondent James E. Harper.

No Appearance for Respondent Subsequent Injury Fund.

Opinion by Chief Judge HUME.

In this workers' compensation case, the issue raised by U.S. West Communications, Inc., (employer) is whether the 50% offset for Social Security Disability Insurance (SSDI) benefits should be taken against temporary total disability (TTD) and permanent partial disability (PPD) in their aggregate amount or whether the offset may be taken against each benefit separately. The Industrial Claim Appeals Office (Panel) held that the SSDI offset should be taken against the aggregate amount of the TTD and PPD benefits payable to James E. Harper (claimant). We affirm.

Claimant sustained two compensable back injuries while working for employer, one in 1989 and the other in 1993. The parties stipulated that claimant is permanently and totally disabled as a result of these two injuries.

In September 1993, claimant began receiving SSDI benefits, and during the eight-month period from September 1993 to May 1994, claimant was also entitled to concurrent PPD benefits on the first claim and TTD benefits on the second. The parties stipulated that the statutory offset to which employer was entitled for the SSDI benefits is $129.54 per week. However, employer asserted entitlement to one weekly offset of $129.54 against claimant's PPD benefits, and another weekly offset in the same amount against claimant's TTD benefits.

The Administrative Law Judge (ALJ) disagreed and determined that employer could take only one offset of $129.54 against the total amount of the combined PPD and TTD benefits. The Panel affirmed.

In this appeal, employer again contends that it is entitled to take one offset against the PPD benefits and another against the TTD benefits. It argues that the offset statute does not provide that, if benefits are paid concurrently for more than one injury, the offset is limited to benefits for only one injury. Based on our interpretation of the statute, we disagree.

Section 8–42–103(1)(c)(I), C.R.S.1998, the offset provision governing SSDI benefits, provides, in pertinent part:

> In cases where it is determined that periodic disability benefits granted by the federal old-age, survivors, and disability insurance act are payable to an individual and said individual's dependents, the *aggregate benefits payable* for temporary total disability, temporary partial disability, permanent partial disability, *and* permanent total disability pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to one-half such federal periodic benefits....

(emphasis added)

The phrase "aggregate benefits payable" was added to clarify that the offset applies to the total amount paid. *See City of Thornton v. Teeter*, 37 Colo.App. 427, 548 P.2d 133 (1976).

The phrase replaced language that provided that the "weekly benefit payable" was subject to the offset. In construing that predecessor language, the supreme court declined to engage in judicial legislation to extend this reduction to include the total benefits. *Industrial Commission v. Rowe*, 162 Colo. 248, 425 P.2d 274 (1967). Rather than the court making the change, the General Assembly, in response to *Rowe*, amended the phrase to "aggregate benefits payable." *See Yates v. Sinton Dairy*, 883 P.2d 562 (Colo. App.1994). Further, the statutory use of the conjunctive "and" in describing the benefits to be aggregated indicates the various

classes of benefits that are to be combined for the purpose of the offset provision.

We are bound to give effect to the legislative intent of the statute, and to do so we must give the phrase "aggregate benefits payable" its plain and ordinary meaning. *See Ihnen v. Western Forge*, 936 P.2d 634 (Colo.App.1997).

Here, since the statute clearly calls for an offset against the aggregate, or total, amount of benefits, we decline to read into the statute a provision that allows an employer to offset two types of benefits separately. *See Kraus v. Artcraft Sign Co.*, 710 P.2d 480 (Colo.1985); *Ihnen v. Western Forge, supra* (construing the plain language of another phrase contained in §8–42–103(1)(c)(I), and refusing to rewrite the offset provision). As the court recognized in *Rowe*, any change must be left for the General Assembly.

The concurrent receipt of TTD and PPD benefits, while not unprecedented, is not the usual course of events. *See Mesa Manor v. Industrial Claim Appeals Office*, 881 P.2d 443 (Colo.App.1994)(claimant could receive PPD benefits, and then after a worsening, could also receive TTD benefits, because the two types of benefits compensate for different types of losses). A claimant normally receives TTD and PPD benefits consecutively, not concurrently. *See Golden Animal Hospital v. Horton*, 897 P.2d 833 (Colo. 1995)(PPD benefits are not payable until maximum medical improvement, which is when TTD benefits cease). It follows that, under normal circumstances, the employer is entitled to an SSDI offset against TTD benefits and a separate, subsequent offset against PPD benefits.

However, the two benefits can be paid concurrently, and when that occurs, we may not ignore the statutory mandate to impose the offset against the "aggregate benefits payable." In our view, this interpretation is not contrary to the purpose of the offset statute, which is to prevent an injured worker from receiving a "double recovery" of SSDI and workers' compensation benefits for

the same disability. *See L.E.L. Construction v. Goode*, 867 P.2d 875 (Colo.1994).

The order of the Panel is affirmed.

ERICKSON * and STERNBERG *, JJ., concur.