John ARMIJO, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and CF & I Steel, L.P., Respondents.

No. 98CA1172.

Colorado Court of Appeals, Div. I.

April 15, 1999.

Certiorari Denied Nov. 29, 1999.

Gordon & Macdonald, P.C., William J. Macdonald, Denver, Colorado, for Petitioner.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John D. Baird, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Dufford & Brown, P.C., Scott J. Mikulecky, Denver, Colorado, for Respondent CF & I Steel, L.P.

Opinion by Judge METZGER.

The sole issue in this workers' compensation proceeding involves the proper method of calculating the offset for Social Security Disability Insurance (SSDI) benefits taken against permanent partial disability (PPD) benefits. John Armijo (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) insofar as it calculated that offset. We affirm.

The pertinent facts are undisputed. Claimant suffered a compensable injury in 1995 and reached maximum medical improvement in 1996. The parties agree that, based on the statutory formula set forth in § 8–42–107(8)(d), C.R.S.1998 (medical impairment rating times the age factor times 400 weeks times claimant's temporary total disability (TTD) rate), claimant's PPD benefits would total $90,668.31.

The offset provision, § 8–42–103(1)(c)(I), C.R.S.1998, provides that the "aggregate benefits payable" for PPD shall be reduced by "one-half" the amount of SSDI benefits received by a claimant. Claimant receives SSDI benefits of $1,183 per month ($273 per week). Therefore, it is undisputed that CF & I Steel, L.P. (employer) is entitled to offset one-half that amount, or $136.50 per week, against claimant's PPD benefits.

The Director of the Division of Workers' Compensation (director) determined, and claimant agrees, that $90,668.31 represents the "aggregate benefits payable" for PPD, and calculated that the "aggregate" SSDI benefits of $28,011.75 should be deducted from this amount to yield a PPD award of $62,656.56 after the offset. This calculation is based on the assumption that the pre-offset PPD award of $90,668.31 would equal 205.2 weeks of PPD benefits if paid at claimant's TTD rate.

Furthermore, the director determined, employer is entitled to an SSDI offset in the same percentage as the ratio between the weekly SSDI offset and claimant's TTD rate. Therefore, the director multiplied the SSDI offset of $136.50 per week by 205.2 weeks to arrive at a total offset of $28,009.80.

Employer and the Panel disagree with this calculation. Instead of taking the offset against the overall aggregate amount of $90,-668.31, the Panel converted this amount to its weekly equivalent of $243.18, which is one-half the state average weekly wage (AWW). See § 8–42–107(8)(d) (PPD benefits are paid at the TTD rate but not less than $150 per week and not more than 50% of the state AWW) and § 8–47–106, C.R.S.1998 (director sets AWW each year). The Panel determined that, by this computation of "aggregate benefits payable," claimant is entitled to receive PPD benefits for 372.8 weeks. Under this method, employer is entitled to the SSDI offset of $136.50 for 372.8 weeks, which yields a total offset of $50,887.20.

Claimant contends that "aggregate benefits payable" refers to the total sum of the PPD award, rather than to its weekly equivalent. Thus, he argues, the director's calculation is correct, and the Panel's method fails to apply the statutory language, prior case law, and rules for interpreting statutory ambiguities. We disagree.

In calculating the offset, the Panel relied on Yates v. Sinton Dairy, 883 P.2d 562 (Colo. App.1994). The Yates court concluded that, because the claimant's TTD rate exceeded

the maximum, the SSDI offset was to be subtracted from the maximum TTD rate, not from the claimant's AWW before its reduction to the maximum rate. The Panel held that the reasoning in *Yates* is persuasive with respect to the issue presented here.

Claimant argues that *Yates* is inapplicable because it deals with benefits for TTD, for which he contends no "aggregate" can be calculated, rather than with PPD benefits, the situation here. While we agree that resolution of the issue here—whether the offset should be taken from the total award or from its weekly equivalent—is not precisely answered in *Yates,* the supreme court, in *Industrial Commission v. Edlund,* 759 P.2d 7 (Colo.1988), clearly approved the method used by the Panel and employer for calculating the offset.

In that case, the court had considered the pension subsection of the offset statute, now § 8–42–103(1)(d), C.R.S.1998, which contained similar "aggregate benefits payable" language. There, the claimant was entitled to receive, before any offset, the maximum compensation permitted for her PPD: $16,835 payable at $64.75 per week for 260 weeks. The offset amount for the employer-paid pension benefit was $22.16, also payable for 260 weeks. To calculate the offset, which in that case was 100% of the employer-paid amount, the weekly PPD benefit, $64.75, was offset by the weekly pension benefit, $22.16, resulting in a PPD benefit of $42.59 per week for 260 weeks.

Although the type of offsetting benefit in *Edlund* is not identical to that here, both offsets are set forth in § 8–42–103(1), C.R.S. 1998. The similarities in the statutory language, including the term "aggregate benefits payable," weigh in favor of calculating the offset in the same manner. Just as we can see no reason to define the term "aggregate benefits payable" differently for different types of workers' compensation benefits, we perceive no reason to define it differently when the offsetting benefit is different. *See U.S. West Communications, Inc. v. Industrial Claim Appeals Office,* 978 P.2d 154 (Colo. App.1999).

Furthermore, *Edlund* deals with PPD benefits, the type of benefit claimant was receiving here. Claimant's chief complaint with the Panel's reliance on *Yates*—that it dealt with TTD rather than PPD—was based on the inability to calculate a precise "aggregate," or total amount, of TTD benefits. However, in *Edlund,* even though the court set forth the total amount of PPD benefits, it relied on the converted weekly amount as the "aggregate benefits payable."

The order of the Panel is affirmed.

Judge TAUBMAN and Judge CASEBOLT concur.